# FILED

JUN 0 2 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK



## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

Kevin R. Schrubb, I

(Name of Plaintiff)

Post Office Box 5104

(Address of Plaintiff)

Delano, California 93216

vs.

James Tilton, et als,

_____

_____

(Names of Defendants)

2:08-cv- 1208 KJM PC

(Case Number)

COMPLAINT
Demand For Jury
Trial)

I. Previous Lawsuits:

    A. Have you brought any other lawsuits while a prisoner:  ☒ Yes    ☐ No

    B. If your answer to A is yes, how many?:  __Four (4)__ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

        1. Parties to this previous lawsuit:

        Plaintiff _Please see Attachment 1A_____

        Defendants _____

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983    Rev'd 5/96

2. Court (if Federal Court, give name of District; if State Court, give name of County)

_____

3. Docket Number _____

4. Name of judge to whom case was assigned _____

5. Disposition  (For example: Was the case dismissed? Was it appealed? Is it still pending?)

_____

6. Approximate date of filing lawsuit _____

7. Approximate date of disposition _____

## II. Exhaustion of Administrative Remedies

A. Is there a grievance procedure available at your institution?    ☒ Yes        ☐ No

B. Have you filed a grievance concerning the facts relating to this complaint?

                                                                      ☒ Yes        ☐ No

If your answer is no, explain why not _____

_____

C. Is the grievance process completed?                ☒ Yes        ☐ No

## III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant _See Addendum_ is employed as _____
_____ at _____

B. Additional defendants _____
_____
_____
_____
_____
_____

IV.   Statement of Claim

(State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including dates and places.  Do not give any legal arguments or cite any cases or statutes.  Attach extra sheets if necessary.)

See Addendum

V.  Relief.

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

See Addendum

Signed this 21st day of May , 2008

Kevin R. Schulb, I
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

May 21, 2008
(Date)

Kevin R. Schulb, I
(Signature of Plaintiff)

Attachment 1A - Page 1 of 2

① 1. Kevin R. Schnubb, Sr. v. Virginia Beach Correctional Center.
2. U.S. District Court for the Eastern District of Virginia.
3. Unknown
4. Robert G. Doumar.
5. Dismissed for document filing error by plaintiff.
6. 1991.
7. 1994.

② 1. Kevin R. Schnubb, Sr. v. Virginia Department of Corrections.
2. U.S. District Court for the Western District of Virginia.
3. Unknown.
4. Unknown.
5. Dismissed due to the plaintiff being unable to pay additional filing fees added by the court following an evidentiary hearing.
6. 1994.
7. 1997.

③ 1. Kevin R. Schnubb, Sr. v. C. Finn, et als.

Attachment 1A - Page 2 of 2

2. U.S. District Court for the Eastern District of California.

3. CIV-S-04-2706 MCE JFM P.

4. John F. Moulds.

5. Dismissed on motion of the plaintiff.

6. December 18, 2004.

7. March 15, 2005.


⑧ 1. Keving R. Schrubb, Sr. v. California Director of Corrections, et als.

2. U.S. District for the Eastern District of California.

3. CIV S-04-2704 WBS CMK P.

4. Craig M. Kellison

5. Recommendation that matter be dismissed without prejudice until judgement is rendered in Plaintiff's criminal action.

6. December 18, 2004.

7. Presently in abeyance.

United States District Court For The
Eastern District of California

Kevin R. Schrubb, I,
                    Plaintiff,

v.

James Tilton,
Robert Horel,
M. D. Yox,
C. E. Ducant,
N. Grannis,
W. E. Wilber,
D. W. Bradbury,
A. Spalding, and
Does 1-6,
                    Defendants.

Civil Action NO. _____
Complaint And Demand
For Jury Trial

## I. Jurisdiction

1. This action is being brought pursuant to
42 U.S.C. Sections 1983 and 1985 to redress the
deprivation, under color of state law, or rights
secured by the Constitution of the United States.
Jurisdiction is based upon 28 U.S.C. Sections 1331
and 1343. The court also has pendent jurisdiction
over state claims pursuant to 28 U.S.C Section

\

1367. The unlawful acts and practices alleged occurred primarily within this judicial district and the majority of the defendants reside within this district, 28 U.S.C. Section 1391(b). Plaintiff respectfully requests a jury trial on these allegations.

## II. Parties

2. Plaintiff Kevin R. Schwubb, I, is and was at all times mentioned herein, a prisoner of the State of California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff is currently confined at the Kern Valley State Prison.

3. James Tilton is the Secretary of CDCR. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including the Pelican Bay State Prison (PBSP).

4. Robert Horel is the current Warden at PBSP. He is legally responsible for the operation of PBSP and for the welfare of all the inmates at that prison.

5. M.D. Yox is the current Associate Warden at

2

PBSP. At all relevant times mentioned herein, he was legally responsible for assisting the Warden at PBSP with the operation of PBSP.

6. C.E. Ducart is a Correctional Officer for CDCR. At all relevant times mentioned herein, he held the rank of Captain and was assigned to PBSP.

7. N. Grannis is a Correctional Officer for CDCR. At all relevant times mentioned herein, he/she occupied the position of Chief of Inmate Appeals and was assigned to PBSP.

8. W.E. Wilber is a Correctional Officer for CDCR. At all relevant times mentioned herein, he/she occupied the position of Appeals Coordinator and was assigned to PBSP.

9. D.W. Bradbury is a Correctional Officer for CDCR. At all relevant times mentioned herein, he/she occupied the position of Appeals Coordinator and was assigned to PBSP.

10. A. Spalding is a Correctional Officer for CDCR who at all times mentioned herein was assigned to PBSP's Receiving and Release (R&R).

3

11. Does 1-6 are each responsible in some manner for the constitutional violations and damages to plaintiff alleged herein. The true names and capacities of defendant Does 1-6 are presently unknown to plaintiff. Many of the Does were supervisors involved in policy-making decisions and are sued in their individual and official capacities. Plaintiff is informed and believes and therefore alleges on information and belief, that each of them is responsible in some manner for the constitutional violations and damages to plaintiff alleged herein. Plaintiff therefore sues Does 1-6 by such fictitious names and will seek leave to amend this complaint to add true names when the same have been ascertained.

12. Each defendant is sued individually and in his or her official capacity. Defendants at all times mentioned herein acted under color of California law.

## III. Introduction of Facts

13. This action arises from the defendants' practices, acts and/or policies which have resulted in the plaintiff:

A. Being illegally deprived of personal property in violation of the Equal Protection Clause of the

4

California and the United States Constitutions, and

B. Being illegally deprived of personal property in violation of the Due Process Clause of the California and United States Constitutions, pursuant to defendants' customs, official policies and underground regulations.

## V. Facts

Facts Relating to Claim #1:

14. Prior to August 23, 2005, the herein plaintiff applied for and obtained permission from PBSP's R & R sergeant to purchase a Spartan Stretch Cap (cap) and a pair of Practice Shorts (shorts) from the Access Catalog Company (vendor). On or about August 23 these items arrived at the institution but the plaintiff was advised by an R & R staff member that the cap was no longer allowed, exhibit 1, and because the shorts were several sizes smaller than ordered, the plaintiff elected to have the cap and shorts sent back to the vendor, exhibit 2.

15. Because the plaintiff had no funds on his prison account, the items were not shipped back to the vendor by R&R staff and the plaintiff was

advised that he needed $6⁰⁰ in funds credited to his prison account in order to pay the fee required to ship the aforesaid items back to the vendor, exhibit 2.

16. When the plaintiff was unable to obtain the necessary funds, he contacted R&R staff to apprise them of that fact and to request prior notification of any decision to destroy the cap and shorts, exhibit 3.

17. Plaintiff, however, was able to obtain sixteen (16) 39¢ postage stamps in lieu of $6⁰⁰ in funds, in order to mail the items, which he sent to R&R with an addressed envelope, and a request to mail the items to the vendor, exhibit 4. When the plaintiff received no response to his November 15 correspondence (Exhibit 4), he perfected another missive to R&R inquiring about the status of the items and postage stamps, exhibit 5; in response, the stamps and envelope were returned to the plaintiff and he was advised that he could not mail the items out utilizing postage stamps, exhibit 5.

18. In response to the response written on plaintiff's December 2, 2005 correspondence (exhibit

6

5), the plaintiff continued to seek the funds with which to ship the items, and by December 20, notified R&R staff of this fact and requested an alternative to shipping the items via the United Parcel Service (UPS), exhibit 6; a response was written on plaintiff's correspondence advising him to "Have someone supply you with funds, the same way you got your Q4." See exhibit 6.

19. On or about January 5, 2006, the plaintiff advised R&R staff that he was still unable to raise the necessary funds and again sought an alternative to shipping the items back to the vendor, which the plaintiff was previously allowed to do in another matter. See exhibits 7 and 7A, respectively. This request was also denied, exhibit 7.

20. On January 10, 2006, the plaintiff wrote R&R staff seeking the status of the lap and shorts while he continued to seek funds, exhibit 8; after the plaintiff had not received a response to his January 10 missive (Exhibit 8), he perfected another missive to R&R staff, again seeking the status of the items, exhibit 9, also to which no response was provided by R&R staff.

21. When it became apparent to the plaintiff that he was never going to obtain the necessary funds to ship the items via UPS back to the vendor, and R&R staff had not alerted him that the items were scheduled for destruction, he perfected a Government Claim, exhibit 10, and, yet again, sought notice of any intention to destroy the cap and shorts. See exhibit 11. The plaintiff also filed an Inmate Grievanc (CDCR Form 602; hereinafter 602), concerning the mailing of the aforesaid items, exhibit 12. Said 602 was rejected for exceeding the fifteen (15) day time limit and because plaintiff's previous request to use indigent postage strips to mail the items out had been denied. See exhibit 12.

22. The Government Claims Board (Board) acknowledged receipt of plaintiff's claim, advised the plaintiff that the claim was being forwarded to the CDCR for review, and that if he (Plaintiff) was not satisfied with the CDCR's decision, to recontact the Board in writing to reactivate the claim, exhibit 13.

23. When the plaintiff had not received a response from the CDCR he wrote the Board to reactivate the claim, exhibit 14.

8

24. When the plaintiff had not received a response from the Board to his January 25, 2007 request to reactivate his claim (Exhibit 14), he perfected another correspondence to the Board seeking to have his claim reactivated. See exhibit 15.

25. The Board contacted the plaintiff and advised him that it had delegated the authority to settle or reject certain claims to the CDCR, and was forwarding plaintiff's claim to the CDCR for action, along with plaintiff's June 2007 correspondence (Exhibit 15) requesting reactivation of the claim. The Board also advised the plaintiff that it had no authority to reactivate the claim. See exhibit 16.

26. On August 28, 2007, the plaintiff received a "Notice of Property Disposal" form from R&R staff indicating that the cap and shorts had been destroyed on March 19, 2007, exhibit 17. After receiving the "Notice," the plaintiff filed a 602 seeking compensation for the illegally destroyed items, exhibit 18; plaintiff's 602 was rejected by the Appeals Coordinator, exhibit 19.

27. The CDCR subsequently denied plaintiff's claim on March 28, 2007, exhibit 35.

9

Facts Relating to claim #2:

28. On November 21, 2006, CIO Spalding came to plaintiff's housing unit at PBSP to deliver personal property to him. Included in said personal property was a children's book that had been ordered by plaintiff's ex-girlfriend for plaintiff's toddler son; the publisher was supposed to mail the book to plaintiff's son, but mailed it to the plaintiff instead. The book arrived via the U.S. mail.

29. The plaintiff advised CIO Spalding that he (Plaintiff) wished to mail the book to his son. On November 27 the plaintiff wrote CIO Spalding to advise him that he (Plaintiff) did not have the funds to ship the book via UPS, and sought the alternative of having R&R forward the book to the prison's mailroom, which would allow the plaintiff to mail it to his son via the United States Postal Service (USPS). See exhibit 20.

30. CIO Spalding advised the plaintiff that the only way the book could be mailed out was by UPS, that it would cost $7.25, and that the plaintiff would have thirty (30) days to obtain the funds, exhibit 20.

10

31. On November 28, 2006, the plaintiff again wrote to C/O Spalding and reiterated the circumstances concerning the book, indicated his (Plaintiffs) indigency, and requested a citing of the rule that required prisoner property to be shipped by UPS, exhibit 21. C/O Spalding responded with an attachment to exhibit 21, see exhibit 21A, indicating the institution's rule for prisoner property shipping.

32. On December 6, 2006, the plaintiff filed a 602 concerning not being allowed to mail the book out via the USPS utilizing his indigent envelope postage strips, exhibit 22. This 602 was subsequently denied at the Director's level of review on April 26, 2007.

33. On April 1, 2007, the plaintiff sought the name of the contracted carrier, their shipping rates, minimum acceptable shipping weight of parcels, forms of payment the carrier would accept, and the weight of the books (two) then held by R&R, exhibit 25 (Another childrens book was inadvertently mailed to the plaintiff on or about December 20, 2006 - see Claim #3).

34. Upon not receiving a response to his

April 1 correspondence (Exhibit 25), the plaintiff perfected another missive repeating his earlier request, in addition to whether plaintiff's family could pay the carrier directly, exhibit 26; c/o Spalding responded with the carrier's name and advised the plaintiff that the only way he (Plaintiff) could pay for shipping the items was with funds from his prison trust account. See exhibit 26.

35. After receiving the Directors response (Exhibit 27), the plaintiff wrote the R&R staff to alert them of the Directors response, that he (Plaintiff) was preparing to file a civil action in the matter; again requesting notification of any decision to destroy the Childrens books, and to hold the books pending the disposition of the Court. See exhibit 27.

36. When plaintiff received no response from R&R by any August 25, 2007 to his request of May 10 (Exhibit 27), he wrote another inquiry as to the status of the books and other items that had previously been confiscated by R&R. See exhibit 28.

37. On August 28, 2007, the plaintiff received a "Notice of Property Disposal" form from C/o

12

Spalding advising the plaintiff that "[a] book" had been destroyed on April 23, 2007, exhibit 29.

35. On September 1, 2007, the plaintiff filed a 602 seeking compensation for both books, exhibit 30, and on September 6 the plaintiff filed a Tort Claim with the Board seeking compensation for both books, exhibit 31; in response to plaintiffs Tort Claim the Board classified it as an application to present a late claim, exhibit 32; the plaintiff was contacted by the Board and advised that it would hear his application to file a late claim at its January 17, 2008 meeting, exhibit 33.

39. The Board subsequently denied plaintiffs Claim. See exhibit 34.

Facts Relating to Claim #3:

40. On December 20, 2006, the plaintiff received yet another childrens book (second book) that was supposed to have been mailed to his toddler son. Again plaintiff contacted R&R to request that he be allowed to mail the book out utilizing indigent postage, exhibit 23.

13

41. On December 22 CIO Spalding denied plaintiffs request, reminded plaintiff that shipping is only done via UPS for tracking purposes, and that plaintiff needed to obtain the funds to ship the book within thirty (30) days, exhibit 23.

42. On December 26, 2006, the plaintiff filed a 602 in the matter, but the 602 was rejected as being duplicative, exhibit 24. Subsequently the second book was destroyed, exhibit 29.

## V. Exhaustion of Administrative Remedies

43. The plaintiff states that exhibits 1-3, hereto attached, encompass his attempts to exhaust available administrative remedies in these matters, and as far as he has been allowed, the plaintiff has exhausted those administrative remedies made available to him.

## VI. Legal Claims

First Cause of Action
(Equal Protection Clause)

44. Plaintiff realleges and incorporates by

14

reference all previous paragraphs of this complaint.

45. Defendants have denied plaintiff equal protection of the law as guaranteed by Article 1, Section 7 of the California Constitution and Amendment 14 of the United States Constitution, by intentionally discriminating against him on the basis of his membership in a disadvantaged group.

46. Defendants promulgated and enforced Title 15 of the California Code of Regulations, Section 3191, exhibit 36, specifically Subsection C)(1) and (e), that prohibits indigent prisoners from shipping or mailing personal property, but allows the same services for prisoners who are not indigent. Said enactment and enforcement has deprived the plaintiff of personal property

Second Cause of Action
(Federal Due Process)

47. Plaintiff realleges and incorporates by reference all previous paragraphs of this complaint.

15

48. Defendants have denied plaintiff his Due Process rights as guaranteed by Article 1, Sections 7 and 15, of the California Constitution and Amendment 14 of the United States Constitution, by formulating an underground regulation that allowed said defendants to destroy plaintiff's personal property prior to the third level of review of CDCR's administrative grievance procedures. See exhibit 21A, Section 1313.

49. The promulgation and enforcement of PBSP's Operational Procedure Number 1006 1313 (Exhibit 21A) by the defendants is in contravention to and in violation of the Title 15, and the Administrative Procedures Act. Such a regulation, as it relates to personal property appeals, render a third level of appeal meaningless, as the plaintiff is required to appeal any denial to that level, nor does it call for a notice prior to any planned destruction of the disputed property.

50. As a direct result of 1006 1313, and defendants' actions, policies, practices, procedures and regulations, plaintiff's personal property was

16

unlawfully destroyed prior to the completion of the second level of appeal, see exhibits 17 and 2a.

## VII. Causation

As a direct and proximate result of the aforementioned acts and omissions on the part of defendants, plaintiff has suffered general damages in the amount of $53.34. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein, other than this action. Plaintiff has been and will continue to be irreparably injured by the conduct of defendants unless the court grants the declaratory and injunctive relief which plaintiff now seeks.

## VIII. Prayer For Relief

Wherefore, plaintiff respectfully prays for the following relief:

1) A declaratory judgment that the defendants' acts and practices described herein violate plaintiff's

17

rights  as herein described.

2) A preliminary and permanent injunction which prohibits defendants, their agents, employees and successors from denying indigent prisoners access to shipping and mailing services for the shipping and mailing of personal property, and require defendants, their agents employees and successors to allow indigent prisoners to utilize postage stamps, third party payment and indigent postage strips to ship or mail personal property, where appropriate.

3) Compensatory damages in the amount of $53.34.

4) Plaintiff's costs related to this action.

5) For costs and reasonable attorney's fees pursuant to 42 U.S.C. Section 1983 and any other grounds authorized by law.

6) Trial by jury.

7) For further relief that this court deems just.

Respectfully submitted,
Kevin R. Schulbe, I

18        May 21, 2008

Exhibit 1

```
1-800-546-6283                              WAREHOUSE: M                    7/15/05
ACCESS CATALOG
13330 LAKEFRONT DRIVE                       CARRIER: UPS                 8728668 001
EARTH CITY, MO   630451513                    SLS: JP W DI
                                            ORDER #: 26818
                                            ORG LABEL***SEE MAG*NO RMT/BT
K. SCHRUBB           IN#: V55932            MUST KEY 72120150N
PELICAN BAY STATE PRISON                    APPRV W/ORD KEY 51256 *050*
5905 LAKE EARL BOX 7500      B    8    215  INC IMS HOUSING *BY NAME
CRESCENT CITY       CA 95538
```

| QTY | UOM | ITEM NO | C | DESCRIPTION | | ITM PRC | TTL PRC |
|-----|-----|---------|---|-------------|---|---------|---------|
| 2 | EA | 50605060 | N | THERMAL DRAWERS | 2XL NATUR | 6.09 | 12.18 |
| 2 | EA | 50606060 | N | THERMAL SHIRT | 2XL NATUR | 6.09 | 12.18 |
| 1 | EA | 51147010 | B | SPARTAN COOL STRETCH CAP 5698 | BLACK | 3.79 | 3.79 |

```
AMT RECEIVED        28.76
  SALES TAX                    SHIPPING/HANDLING              TOTAL:     28.15

              TOTAL WT:    2.78

                        **SHIP IN 1 BOX ONLY****   NO CATW/ORD*RMV TV SPKR
```

STRETCH CAP NOT ALLOWED

Exhibit A

```
1-800-546-6283                                                        8/02/05
CQES S CATALOG                        WAREHOUSE:  M
53330 LAKEFRONT DRIVE                 CARRIER:  UPS                 8728668 001
EARTH CITY, MO    63045151            SLS:  JP W DI
                                      ORDER #:  43741
                                      ORG LABEL***SEE MAG*NO RMT/BT
   SCHRUBB              IN#: V55932    MUST KEY 72120150N 51528
ELICAN BAY STATE PRISON               APPRV W/ORD KEY 51256 *050*
1905 LAKE EARL BOX 7500       B    3    215   INC IMS HOUSING #BY NAME
RESDENT CITY    CA 95538
```

| UOM | ITEM NO C DESCRIPTION | | | ITM PRC | TTL PRC |
|---|---|---|---|---|---|
| EA | 50726060 G RUSSELL- SWEATSHIRT | (69809) | 2XL BIRCH | 12.09 | 12.09 |
| EA | 50727060 G RUSSELL-SWEATPANTS | (69609) | 2XL BIRCH | 12.09 | 12.09 |
| EA | X50880010 N WATCH BATTERIES MDL #323 *** DISCONTINUED | | | 1.59 | |
| EA | X50954060 G GYM SHORTS 50/50 POLY CO *** RESTRICTED | | | 15.29 | |
| EA | 50957060 G PRACTICE SHORTS | | 2XL GREY | 7.69 | 7.69 |

```
RECEIVED        73.65  *** REFUND ISSUED FOR      37.78
SALES TAX                  SHIPPING/HANDLING       4.00  TOTAL:    35.87

            TOTAL WT:    2.63


              **SHIP IN 1 BOX ONLY****   NO CATW/ORD*RMV TV SPKR
```

Exhibit B

Exhibit 2

K. Schrubb, Sr.
#V-55932, B4-120y

R & R
B Facility

Re: Mailing of Personal Property

Dear R & R:

On Aug. 23, 05 I received a quarterly package and was advised that I could not have the stretch cap I ordered; I also received a pair of Shorts that were the wrong size.

Both of these items were given to the C/O for mailing.

Could you please provide me with confirmation that these items were mailed out? Do To the fact you have No money they have Not been mailed out you Need A Balance of $6.00 in order to mail out  R R   Thank You,

Sept. 8, 05    9-9-05    K. Schrubb, Sr.

Exhibit C

Exhibit 3

K. Schrubb, Sr.
#V-55932, B4-120⁴

R & R
B Facility

Re: Property Held For Mailing

Dear R & R:

Please take note that I am currently unable to obtain the $6.00 I need to mail out the shorts and stretch caps.

If you, after receiving this letter, decide to destroy the above listed items, please notify me prior to any destruction.

Thank you,

Kevin R. Schrubb, Sr.

Sept. 22, 05

Exhibit D

Exhibit 4

K. Schrubb, Sr.
#V-55932, B4-1204

R & R
B Facility

Re: Mailing of Personal Property

Dear R & R:

Please find enclosed 16 stamps for the mailing of the pair of shorts and the stretch cap you are holding for mail out.

Please mail those items to:

Access Securepak
10880 Lin Page Place
St. Louis, Mo. 63132

Please note that the previous address I gave you is now invalid.

Thank You,
Kevin R. Schrubb, Sr.

Nov. 15, 05

Exhibit E

Exhibit 5

K. Schnubb, Sr.
# V-55932, B4-120⁴

R&R
B- Facility

Re: Mailing of Personal Property

Dear R&R:

On Nov. 15, 05 I sent you 16 postage stamps to use to mail a pair of shorts and a stretch cap back to Access; as of this date I've not received a response.

Could you please advise me as to whether those items were mailed out?

Per O.P. 806
R&R Cannot mail-out items
WITH POSTAGE STAMPS
Dec. 2, 05

Thank You,

Kevin R. Schnubb

ALL ITEMS must Go out vIA U.P.S. FOR TRACKING Purposes.

Exhibit F

Exhibit 6

K. Schrubb, Sr.
#V-55932, B4-1204

R&R
B-Facility

Re: Mailing of Personal Property

Dear R&R:

   In response to my Dec. 2 letter you responded that R&R Cannot mail items out with postage stamps.

   Please note that I'm indigent and don't have anyone who could provide me with the money to pay for shipping with U.P.S. Can you provide me with an alternative?

Thank You,

K. Schrubb, Sr.

Dec. 20, 05

HAVE SOMEONE SUPPLY YOU WITH FUNDS, THE SAME WAY YOU GOT YOUR Q4.

Exhibit G

Exhibit 7

R. Schrubb, Sr.
#V-55952, B4-1204

R & R
B - Facility

Re: Mailing of Personal Property

Dear R&R:

The person who provide me with quarterly packages will not send me <u>any</u> funds, as my account will bear out, because I have shown a propensity to misuse my money.

On a previous occasion when I had to mail out property I couldn't have at this institution that I brought from DVI reception, someone from R&R advised me that I could use my indigent envelopes as payment, which I done.

Can we utilize the same system in this case?

R+R        NO -1-5-06
                    K. Schrubb, Sr.

Exhibit H

Exhibit 7A

B-8-215

3-22

STATE OF CALIFORNIA
CDC 1819 (Rev. 6/98)

DEPARTMENT OF CORRECTIONS

## NOTIFICATION OF DISAPPROVAL - MAIL/PACKAGES/PUBLICATIONS

| INMATE'S NAME | CDC NUMBER |
|---|---|
| Schrubbs | V-55932 |

### MAIL / PACKAGES SECTION (Complete for mail or package cases only)

[X] **INCOMING MAIL/PACKAGE**          [ ] **OUTGOING MAIL/PACKAGE**

LIST ITEM(S) WHICH MEET DISAPPROVAL CRITERIA

3 Ink Pens

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION

Ink Pens not allowed Per. OP 205, Att 8, # 2

### DISPOSITION | SENDER INFORMATION

| | | FIRST NAME | MI | LAST NAME |
|---|---|---|---|---|
| [ ] | HELD PENDING INVESTIGATION/APPEAL | Lynette | | Tate |
| [ ] | RETURNED TO SENDER ___ (At Inmate's Expense) (Date) | ADDRESS (NUMBER AND STREET) P.O. Box 10356 | | |
| [ ] | DESTROYED | CITY Fresno | STATE CA | ZIP CODE 93745 - 0356 |
| | *(INMATE HAS FIFTEEN (15) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED). | I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE) | | DATE SIGNED |

### AUTHORITY TO DISALLOW (Must be completed in all cases)

| PRINTED NAME OF WARDEN'S DESIGNEE | SIGNATURE OF WARDEN'S DESIGNEE | DATE SIGNED | DATE FORWARDED TO INMATE |
|---|---|---|---|
| D. CHRIST | | 2-17-05 | FEB 22 2005 |

### PUBLICATIONS SECTION (Complete for publication cases only)

| TITLE OF PUBLICATION (Include issue/date) | PUBLISHER | PAGE(S) WHICH MEET DISAPPROVAL CRITERIA |
|---|---|---|
| | | |

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION

### DISPOSITION | DESIGNEE INFORMATION

| | | FIRST NAME | MI | LAST NAME |
|---|---|---|---|---|
| [ ] | HELD PENDING INVESTIGATION/APPEAL | | | |
| [ ] | DESTROYED | ADDRESS (NUMBER AND STREET) | | |
| [X] | RETURNED TO OUTSIDE DESIGNEE AT INMATE'S EXPENSE FEB 2 3 2005 (Date) | CITY Same as above | STATE | ZIP CODE |
| | **(INMATE HAS FIFTEEN (15) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED). | I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE) | | DATE SIGNED |

### AUTHORITY TO DISALLOW (Must be completed in all cases)

| FACILITY CAPTAIN'S PRINTED NAME | FACILITY CAPTAIN'S SIGNATURE | DATE SIGNED | DATE FORWARDED TO INMATE |
|---|---|---|---|
| | | | |

DISTRIBUTION:
ORIGINAL - MAILROOM
CANARY - INMATE
PINK - SENDER / DESIGNEE

*ALL APPEALS REGARDING MAIL/PACKAGES SHALL BE REFERRED TO THE WARDEN'S DESIGNATED STAFF*

**ALL APPEALS REGARDING PUBLICATIONS SHALL BE REFERRED TO THE FACILITY CAPTAIN.*

Exhibit D

Exhibit 8

K. Schnubb, Sr.
#V-55932, B4-120⁴

R&R
B-Facility

w: Status of Personal Property

Dear R&R:

I've been attempting to have a pair of shorts and a skull cap mailed back to Access for credit, but you've consistently denied my requests. On Sept. 22, 05 I asked that you please notify me if you decide to destroy these items but I've not received a response thereto.

Could you please advise me if you have destroyed those items, or are about to destroy them?

Jan. 10, 06

Thank You,
Kevin R. Schnubb, Sr.

Exhibit 9

K. Schrubb, Sr.
#V-55952, B4-120u


R & R
B-Facility

Re: Withheld Property

Dear R & R!

   I written you several times concerning a pair of shorts and a stretch cap you've been holding that I've been attempting to have mailed back to Access.

   As of this date I've not received a notice that you will destroy them at a certain point of time, so please note that I'm preparing a claim to the Government Claims Board concerning this matter. If you plan to destroy those items, could you please provide me with a notice first?


                                    Thank you,
                                    K. Schrubb, Sr.

March 28, 2006

Exhibit 10

| **Government Claims Form**<br>California Victim Compensation and Government Claims Board<br>P.O. Box 3035<br>Sacramento, CA 95812-3035<br><br>1-800-955-0045 · www.governmentclaims.ca.gov | **State of California**<br><br><br><br><br><br>**For Office Use Only**<br>Claim No.: |
|---|---|

## Is your claim complete?

| | |
|---|---|
| ☐ | *New!* Include a check or money order for $25 payable to the State of California. |
| ☐ | Complete all sections relating to this claim and sign the form. Please print or type all information. |
| ☐ | Attach receipts, bills, estimates or other documents that back up your claim. |
| ☐ | Include two copies of this form and all the attached documents with the original. |

## Claimant Information

**①** Schrubb, Sr., Kevin R.
Last name      First Name      MI

**②** Tel:

**③** Email:

**④** Post Office Box 7500     Crescent City     Ca.   95531
Mailing Address      City      State   Zip

**⑤** Best time and way to reach you:  Mail

**⑥** Is the claimant under 18?  ☐ Yes  ☑ No   If YES, give date of birth: ☐ ☐ ☐
                                                                    MM   DD   YYYY

## Attorney or Representative Information

**⑦** N/A
Last name      First Name      MI

**⑧** Tel:

**⑨** Email:

**⑩**
Mailing Address      City      State   Zip

**⑪** Relationship to claimant:

## Claim Information

**⑫** Is your claim for a stale-dated warrant (uncashed check) or unredeemed bond?  ☐ Yes  ☑ No

State agency that issued the warrant:     If NO, continue to Step **⑬**

Dollar amount of warrant:     Date of issue:
                                              MM   DD   YYYY

Proceed to Step **㉒**.

**⑬** Date of Incident: January 5, 2006

Was the incident more than six months ago?  ☐ Yes  ☑ No
If YES, did you attach a separate sheet with an explanation for the late filing?  ☐ Yes  ☐ No

**⑭** State agencies or employees against whom this claim is filed:

California Department of Corrections and Rehabilitation, Pelican Bay State Prison, R&R Department

**⑮** Dollar amount of claim: $ 11.48 or alternative of $ 6.00

If the amount is more than $10,000, indicate the type of civil case:  ☐ Limited civil case ($25,000 or less)  ☐ Non-limited civil case (over $25,000)

Explain how you calculated the amount:
Cost of items / cost of mailing items

**16** Location of the incident:

Pelican Bay State Prison, B-Facility R&R

**17** Describe the specific damage or injury:

See attachment 17

**18** Explain the circumstances that led to the damage or injury:

See attachment 18

**19** Explain why you believe the state is responsible for the damage or injury:

See attachment 19 / Also See Settlement Options

**20** Does the claim involve a state vehicle?    ☐ Yes    ☑ No

If YES, provide the vehicle license number, if known:

## Auto Insurance Information

**21** N/A

Name of Insurance Carrier

| Mailing Address | | City | | State | Zip |
|---|---|---|---|---|---|
| Policy Number: | | | Tel: | | |
| Are you the registered owner of the vehicle? | | | | ☐ Yes | ☐ No |
| If NO, state name of owner: | | | | | |
| Has a claim been filed with your insurance carrier, or will it be filed? | | | | ☐ Yes | ☐ No |
| Have you received any payment for this damage or injury? | | | | ☐ Yes | ☐ No |
| If yes, what amount did you receive? | | | | | |
| Amount of deductible, if any: | | | | | |
| Claimant's Drivers License Number: | | Vehicle License Number: | | | |
| Make of Vehicle: | Model: | | Year: | | |
| Vehicle ID Number: | | | | | |

## Notice and Signature

**22** I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

Kelvin K. Schmelb, Sr.                    May 31, 2006

Signature of Claimant or Representative        Date

**23** Mail the original and two copies of this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 3035, Sacramento, CA, 95812-3035. Forms can also be delivered to the Victim Compensation and Government Claims Board, 630 K Street, Sacramento.

## For State Agency Use Only

**24**

Name of State Agency                    Fund or Budget Act Appropriation No.

Name of Agency Budget Officer or Representative        Title

Signature                                Date

VCGCB-GC-002 (Rev. 8/04)

**AFFIDAVIT FOR WAIVER OF GOVERNMENT CLAIMS FILING FEE AND FINANCIAL INFORMATION FORM**

*(Request for Permission to Proceed In Forma Pauperis)*
California Victim Compensation and Government Claims Board
P.O. Box 3035
Sacramento, CA 95812-3035

1-800-955-0045 ▪ www.governmentclaims.ca.gov

**State of California**

**For Office Use Only**

Claim No.:

---

*I request a fee waiver so that I do not have to pay the $25 fee to file a government claim with the Victim Compensation and Government Claims Board. I cannot pay any part of the fee.*

**Claimant Information**

**❶** Schrubb, Sr., Kevin R.

Last name          First Name          MI

**❷** Tel:

**❸** Claim Number (if known):

**Employment Information**

**❹** My occupation: N/A

My employer:

| Employer's Mailing Address | City | State | Zip |
|---|---|---|---|

My spouse's or partner's employer:

| Employer's Mailing Address | City | State | Zip |
|---|---|---|---|

**❺** If you are an inmate in a correctional facility, please attach a certified copy of your trust account balance, enter your inmate identification number below and skip to step ㉕.

Inmate Identification Number:  V-55932

**Financial Information**

**❻** I am receiving financial assistance from one or more of the following programs.    ☒ Yes    ☐ No

If no, proceed to step ❼ If yes, check all that apply, then skip to step ㉔.

☐ SSI and SSP: Supplemental Security Income and State Supplemental Payments Programs
☐ CalWORKS: California Work Opportunity and Responsibility to Kids Act
☐ Food Stamps
☐ County Relief, General Relief (GR), or General Assistance (GA)

**❼** Number in my household and my gross monthly household income, if it is the following amount or less:

| | Number | Monthly family income | | Number | Monthly family income |
|---|---|---|---|---|---|
| **A** | 1 | $969.79 | **F** | 6 | $2,626.04 |
| **B** | 2 | $1,301.04 | **G** | 7 | $2,957.29 |
| **C** | 3 | $1,632.29 | **H** | 8 | $3,288.54 |
| **D** | 4 | $1,963.54 | **I** | There are more than 8 people in my family | |
| **E** | 5 | $2,294.79 | | Add $331.25 for each additional person. | |
| | | | | Number: | Total Income: |

If you checked a box in step ❼ A through I, complete steps ❾ through ⑮. Then skip to step ㉔.

**❽** My income is not enough to pay for the common necessities of life for me and the people in my family, and also pay the filing fee.    ☐ Yes    ☐ No

If yes, fill in steps ❾ through ㉔.

## Monthly Income and Expenses

| ⑨ | My gross monthly pay is: | $ | | ⑩ | My income changes each month: | ▦ Yes | ▦ No |

| ⑪ | Number of persons living in my home: | | ⑫ Other money I get each month |

| | Name | Age | Relationship | | Monthly Income | Source: |
|---|------|-----|--------------|---|----------------|---------|
| A | | | | $ | A | | $ |
| B | | | | $ | B | | $ |
| C | | | | $ | C | | $ |
| D | | | | $ | D | | $ |
| E | | | | $ | E | | $ |
| F | | | | $ | F | | $ |

| ⑮ | My total gross monthly household income: | | $ | ⑬ Total other money: | $ |

| ⑯ | My payroll deductions are: | | ⑭ My monthly income: | $ |

| A | | $ | E | | $ |
|---|---|---|---|---|---|
| B | | $ | F | | $ |
| C | | $ | G | | $ |
| D | | $ | H | | $ |
| | | ⑰ | My total payroll deduction amount is: | | $ |

| ⑱ | My monthly take home pay is | $ | ⑲ My net monthly income: | $ |

⑳ I own or have interest in the following property:

| A Cash | $ | C Cars, other vehicles, and boats (List make and year) | | |
|--------|---|---|---|---|
| B Checking and savings (List banks): | | Property | Value | Loan Balance |
| 1) | $ | 1) | $ | $ |
| 2) | $ | 2) | $ | $ |
| 3) | $ | 3) | $ | $ |
| 4) | $ | D Real estate (List addresses) | | |
| | | 1) | $ | $ |
| | | 2) | $ | $ |

㉑ My monthly expenses are:

| A Rent or house payment | $ | J Installment payments (specify) | |
|---|---|---|---|
| B Food and household supplies | $ | 1) | $ |
| C Utilities and telephone | $ | 2) | $ |
| D Clothing | $ | 3) | $ |
| E Laundry and cleaning | $ | Total installment payments: | $ |
| F Medical and dental | $ | K Wage assignment or withholdings | $ |
| G Insurance | $ | L Spousal or child support | $ |
| H School, child care | $ | M Other: | |
| I Transportation and auto expenses | $ | 1) | $ |
| | | 2) | $ |
| | | Total other expenses: | $ |

| ㉒ | | Total monthly expenses: | $ |

| ㉓ | I have attached other information that supports this application on a separate sheet. | ☑ Yes | ☐ No |

## Signature Section

㉔ *I declare under penalty of perjury under the laws of the state of California that the information on this form and all the attachments is true and correct.*

Kevin R. Schmulb, Sr.

Signature of Claimant                                                    May 31, 2006
                                                                          Date

VCGCB-GC-0010 8/04

Attachment 17

By the actions of the R & R staff at the Pelican Bay State Prison, I have been denied the right to mail out personal property that I am unable to use at this institution.

The requirement that I provide $6.00 in funds to ship the items out via U.P.S. is a burden I'm unable to overcome, and because I'm unable to provide $6.00 in shipping funds, my personal property will be or has been, destroyed.

Prior to my ordering several items
from an outside vendor, I sought and
received approval from R&R to order one
Spartan Cool Stretch Cap, 8698, Exhibit A, and
one pair of Gym Shorts, 2XL Grey, Exhibit
B.

On or about August 23, 05, these items,
among others, were delivered to me by a
member of the R&R staff; it was at that
time the R&R staff member advised me
that the stretch cap was not allowed at
PBSP, Additionally, I discovered that the
gym shorts were too small.

After these revelations, I gave the items
to the staff member with the request
that they be mailed out.

On September 8, 05, I wrote R&R
seeking confirmation that those items
were mailed out, and was advised that

Attachment

asking if the items had in fact been mailed out. R & R responded that items could not be mailed out using postage stamps. See Exhibit F.

On December 20, 05, I advised R & R that as an indigent, I was unable to provide the funds needed to have those items shipped via U.P.S. Exhibit G.

In January 2006, again I advised R & R that I was unable to procure the funds required to ship the items out via U.P.S.; that on a previous occasion I was allowed to mail items out using my indigent envelopes; and could I again be allowed to do that in this case? R & R responded "NO." See Exhibit H.

Attachment 19

The State is responsible for the damages in this matter because PBSP R&R staff are allowed to restrict the sending of prisoner's personal property to an avenue that is unavailable to indigent Prisoners;

The State, through PBSP R&R staff do not provide an alternate and equal avenue, for indigent prisoners to send out personal property; and

The State allows PBSP R&R staff to confiscate and destroy the personal property of indigent prisoners, who are not capable of acquiring the necessary funds to ship their personal property out, via U.P.S.

As an indigent prisoner here at PBSP, the institution provides me with twenty indigent envelopes per month for general correspondence. When I write letters, I forward them in the indigent envelopes to the institution's mailroom, where prior to mailing a metered postage stamp is placed upon the indigent envelope, not to exceed the amount required for first class postage.

I am allowed to mail out a maximum of twenty first class letters per month.

My proposal to the R&R staff to utilize some of my indigent postage allotment would have required the mailroom to issue a check to W.P.S. instead of the U.S. Postal Service. No additional costs would have been incurred by the institution.

To settle this matter I would like to propose the following:



If the items have been destroyed, I seek compensation in one of the following three ways:

1. Credit my account in the amount of $11.48;

2. Mail a check in the amount of $11.48 to Access Securepak, to be credited to my next quarterly package; or

3. Provide me with indigent envelopes equal to $11.48 in first class postage, which would be in addition to my monthly allotment of twenty indigent envelopes.

If the items have not been destroyed, allow me to utilize sixteen indigent envelopes from my allotment, to cover the cost of shipping the items via U.P.S., back to Access Securepak, or allow those items to be sent back to Access via the U.S. Postal Service.

Exhibit 11

K. Schrubb, Sr.
#V-55932, B4-214

R & R
B-Facility
Re: Status of Personal Property

Dear R & R:

On Sept. 22, 05, Jan. 10, 06 and again on March 28, 06, I wrote to you seeking information on whether you had destroyed my shorts and stretch caps, or were planning to destroy those items. As of this date I've not received a response to those letters or any notice that those items will be destroyed on a specific date.

Could you please provide me with a notice that those items are scheduled for destruction or have been destroyed?

Thank you,
K. Schrubb, Sr.

June 3, 2006

Exhibit 12

State of California                                                                        Department of Corrections and Rehabilitation
                                                                                          CDC Form 695

## INMATE/PAROLEE DISCIPLINARY APPEALS SCREENING FORM

Name: SHRUTH                                    PBSP Log #: _____

Number: V 56932                                 Housing: RP-214

## YOUR APPEAL IS BEING REJECTED/CANCELLED AND RETURNED FOR THE FOLLOWING:

Screening Appeals Rejection Criteria:

[ ] 1.  The resolution is not within CDC's jurisdiction. See CCR, Title 15, Sections 3084.2(e) and 3084.3(c)(1).

[ ] 2.  The appeal duplicates the inmates previous appeal. See CCR, Title 15, Section 3084.3(c)(2).
        [ ] (a)  Your appeal has been screened out on _____ for _____.
        [ ] (b)  Your appeal is being reviewed at the _____ Level, Log # _____.
        [ ] (c)  Your appeal has been completed at the _____ Level, Log # _____.

[ ] 3.  The appeal concerns an anticipated action or decision. See CCR, Title 15, Section 3084.3(c)(3).

[X] 6.  The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he
        could/did not submit the appeal within the time limit. See CCR, Title 15, Sections 3084.2(c), 3084.3(c)(6), and 3084.6(c).

[ ] 8.  Abuse of the Appeal Process/Right to Appeal.
        [ ] (a)  Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is
                 excessive. See CCR, Title 15, Section 3084.4(a).
        [ ] (b)  Inappropriate statements. The Appeal contains false information, profanity, or obscene language. The appeal is
                 rejected. See CCR, Title 15, Section 3084.4(b).
        [ ] (c)  Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous, unrelated
                 documentation. See CCR, Title 15, Section 3084.4(c).
                 [ ] (1)  Only allowed 1 added page, front and back, to describe the problem and action requested in Sections A and B,
                          per CCR, Title 15, Section 3084.2(a)(1).
                 [ ] (2)  Only supporting documentation necessary to clarify appeal shall be attached to the appeal, per CCR, Title 15,
                          Section 3084.2(a)(2).
        [ ] (d)  Lack of cooperation. Appellant refused to cooperate and/or interview with the reviewer which has resulted in
                 cancellation of the appeal, per CCR, Title 15, Section 3084.4(d).
                 [ ] (1)  Your appeal was screened out and returned to you with instructions:
                          [ ]                    [ ]                    [ ]
        [ ] (e)  Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the
                 inmate's welfare, per CCR, Title 15, Section 3084.1(a).
        [ ] (f)  This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview form or CDC-7362,
                 Medical Request form).

[ ] 9.  Cannot appeal on behalf of another inmate/person. See CCR, Title 15, Sections 3084.2(d) and 3084.3(c)(7).

[ ] 10. Issue resolved at previous level of Appeal review. See CCR, Title 15, Sections 3084.3(c)(8) and 3084.4(d).

Comments: You were told you could not come mail
out property with 1/6:00 on Jan, 2006.

_____

D. W. BRADBURY                          6/13/06
Appeals Coordinator                     Date

This screening decision may not be appealed unless you can support an argument that the above is inaccurate.
In such a case, please return this form to the Appeals Office with the necessary supporting information.

### PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE
        PBSP        (Rev.  02/06)        CCR 3084.3(d)        PBSP

JUN 0 5 2008

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region PBSP

Log No.
1. _____
2. _____

1. _____
2. _____

Category
5/15
Indigent for waste to ship out property

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| K. Schrulds, Sr. | U-55932 | None | B5H-214 |

A. Describe Problem: I have tried everything possible to have mailed two items of personal property, using indigent envelopes and postage stamps at different times, but R&R has denied all attempts. Now I may lose my property because I am unable to pay $6.00 to U.P.S. to ship those items. The attached page shows my attempts to resolve this matter; if you require copies of the originals please advise.

If you need more space, attach one additional sheet.

B. Action Requested: I would like to be allowed to mail the items out, whether by U.P.S or the U.S. Postal Service, using my indigent envelopes as payment.

Inmate/Parolee Signature: K. Schrulb, Sr.                    Date Submitted: 6.4.06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____                    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____                    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

3 4
JUN 0 5 2006

1) Sept. 8, 05, sought confirmation that property I gave to R&R on Aug. 23 was mailed out: On Sept. 9 R&R advised me that I needed $6⁰⁰ to have items shipped out;

2) Sept. 22, requested that R&R notify me prior to any decision to destroy the property: received no response from R&R;

3) Nov. 15, sent 16 postage stamps to R&R to mail items to Access: received no response from R&R;

4) Dec. 2, asked R&R for confirmation that the property was mailed out: R&R returned the postage stamps and advised me that the property needed to be shipped out through U.P.S.;

5) Dec. 20, advised R&R that I couldn't raise the $6⁰⁰ shipping fee and could they provide me with an alternative: R&R wrote: "Have someone supply you with funds, the same way you got your Q4."; and

6) Jan. 06, advised R&R that the person providing me with quarterly packages would not provide me with funds, and could I use indigent envelopes to pay for shipping as they previously allowed me: Jan. 5, 06, R&R responded: "NO."

Exhibit 13

STATE OF CALIFORNIA                                                                                    ARNOLD SCHWARZENEGGER, Governor

**VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD**
GOVERNMENT CLAIMS DIVISION
P O BOX 3035
SACRAMENTO, CALIFORNIA 95812-3035
Toll Free Number: 1-800-955-0045    Fax Number: (916) 323-5768
Internet www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
And Chairperson

STEVE WESTLY
State Controller
State Controller's Office
And Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

KAREN McGAGIN
Executive Officer

Kevin R. Schrubb Sr V55932
PO BOX 7500
Crescent City, CA 95531

October 27, 2006

RE:  Claim G560985 for Kevin R. Schrubb Sr, V55932
      Tort claim for CDC Inmates, Personal Property

Dear Kevin Schrubb Sr,

The Victim Compensation and Government Claims Board (VCGCB) received your claim on June 02, 2006.

We are forwarding your claim to the Corrections and Rehabilitation for review, investigation, and possible settlement because, under Government Code Section 935.6, the VCGCB has delegated the authority to settle and pay valid tort claims which are less than $100 per claim.

The VCGCB will take no further action on your claim at this time. If you are not satisfied with the decision on your claim by the involved State agency, please contact the VCGCB in writing to reactivate your claim. If possible, please provide the VCGCB with a copy of all correspondence you receive from the agency.

If you have questions about this matter, please contact the agency directly.

Sincerely,

Government Claims Division
Victim Compensation and Government Claims Board

cc: B-23 Corrections and Rehabilitation, Attn: Donna Corbin

Ltr 39 Delegated Authority Agency-$100

Exhibit 14

Kevin R. Schnubls, Sr
#V-55932, A6-212
Pelican Bay State Prison
Post Office Box 7500
Crescent City, California 95531-7500

Victim Compensation and Government Claims Board
Government Claims Division
Post Office Box 3035
Sacramento, California 95812-3035

Re: Claim G560985 for Kevin R. Schnubls, Sr, V-55932
    Tort Claim for CDC Inmates, Personal Property

Dear Victim Compensation and Government
    Claims Board:

    You sent me a correspondence dated Oct. 27,
2006, wherein you advised me that, you were
forwarding my claim to the Corrections and
Rehabilitation for review, investigation, and
possible settlement because, under Gov't Code
§935.6, the VCGCB has delegated the autho-
rity to settle and pay valid tort claims which
are less than $100 per claim.

    You indicated that you will take no further
action on my claim and that if I'm not
satisfied with the decision of the involved
State agency, to contact the VCGCB in writing
to reactivate my claim.

Please take note that I'm writing to reactivate my claim because the CDCR has failed or refused to review, investigate or settle my claim.

Thank You,

Jan. 25, 2007                    Kevin P. Schull, Sr.

Exhibit 15

Kevin R. Schrubb, Sr.
#V-55932, A5-123
Pelican Bay State Prison
Post Office Box 7500
Crescent City, California 95531

Victim Compensation and Government Claims Board
Government Claims Division
Post Office Box 3035
Sacramento, California 95812-3035

Re: Claim G 560985 for Kevin R. Schrubb, Sr., #V-55932
    Tort Claim for CDC Inmates, Personal Property

Dear Claims Division:

On May 31, 2006 I filed Government Claim G 560985; on October 27, 2006 you advised me that pursuant to Government Code Section 935.6 you were forwarding my claim to the CDCR for review and possible settlement, and that if I was not satisfied with their decision, to contact the VCGCB in writing to reactivate my claim; after not hearing from CDCR concerning the matter by January 25, 2007, I wrote the VCGCB seeking to have my claim reactivated.

As of the date of this correspondence, I've not received a response from the VCGCB concerning the reactivation of my claim, and I again herein request that my claim be reactivated.

Thanking you in advance for your much hoped for attention to this matter, I remain,

June 25, 2007

Humbly Yours,

Kevin R. Schnabb, Sr.

Exhibit 16





GOVERNMENT CLAIMS PROGRAM
400 R Street, 6th Floor ♦ Sacramento, California 95814
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson
JOHN CHIANG
State Controller
Board Member
MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member
KAREN McGAGIN
Executive Officer

Kevin R. Schrubb Sr V55932
PO BOX 7500
Crescent City, CA 95531

September 10, 2007

RE:  Claim G560985 for Kevin R. Schrubb Sr, V55932

Dear Kevin Schrubb Sr,

The Victim Compensation and Government Claims Board (VCGCB) received your claim on June 02, 2006.

The VCGCB has delegated the authority to settle and pay or to reject certain kinds of tort claims to the Corrections and Rehabilitation. Therefore, we are forwarding your claim for review, investigation and possible settlement to:

Department of Corrections
P.O. Box 187018
Sacramento, CA 95818-7019

We are in receipt of your correspondence dated June 25, 2007 requesting that your claim be reactivated. Unfortunately the delegated authority arrangement does not allow the Victim Compensation and Government Claims Board to reactivate your claim. We are fowarding your claim and recent correspondence to the Department of Corrections and Rehabilitation for further review.

The VCGCB will take no further action on your claim. If you are not satisfied with the decision on your claim by the involved State agency, you will have six months from the date of the agency's notice to file a lawsuit in the appropriate court of law.

If you have questions about this matter, please contact the agency directly.

Sincerely,

Government Claims Division
Victim Compensation and Government Claims Board

cc: B-23 Corrections and Rehabilitation, Attn: Donna Corbin

Ltr 37 Delegated Authority Agency

Exhibit 17

# NOTICE OF PROPERTY DISPOSAL
## Attachment I

NAME _Scrubbs_   NUMBER _V-55932_ HOUSING _A6-202_

LOG # | _10705-MO_

---

**APPEALS CHECKED:**              **APPEAL LOG#** _____

☒ THERE HAS BEEN NO APPEAL ON THIS PROPERTY

☐ THE APPEAL WAS DENIED AND / OR HELD THROUGH THE SECOND LEVEL REVIEW

---

INMATE _Scrubbs_ , ON THIS DATE _3-19-07_ YOU ARE BEING NOTIFIED, THAT THE THIRTY DAY WAITING PERIOD HAS EXPIRED ON THE UNALLOWED PROPERTY STORED IN RECEIVING AND RELEASE SINCE _11-21-06_ . PER INSTITUTIONAL PROCEDURE, AND CALIFORNIA CODE OF REGULATIONS, TITLE 15, DIRECTOR'S RULE 3190 YOUR PROPERTY BEING HELD AT R&R IS BEING DISPOSED OF. RECEIVING AND RELEASE HAD NO RESPONSE FROM YOU, EITHER PROVIDING FUNDS OR INSTRUCTIONS AS TO WHAT DISPOSITION YOU DESIRED WITH REGARDS TO YOUR PROPERTY.

***** NO FURTHER NOTICE WILL BE GIVEN! *****

DISPOSAL DATE: _3-19-07_         RECEIVING AND RELEASE C/O _A Spalding_

Cc: Inmate
    Property File

Exhibit 18

PROPERTY OF
1-10-06 DISPOSED OF

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
**PBSP**

1. _____
2. _____

Log No.
1. _____
2. _____

Category
_S_ / _1_ .

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| K. Schrubb Sr. | V-55937 | None | A5-123 |

A. Describe Problem: I am filing this 602 to complain about the disposal of my personal property by R&R on 1-10-06, under the auth. of 15CCR&5391 (a) and (1). This rule violates my due process and property rights under the 14th Amend. to the U.S. Const., as I was prohibited from retaining the skull cap I was approved to order, on mail it out when I was prohibited from having it, and I was prohibited from mailing the shorts out, all because I was indigent. This 602 is being filed now because I just ( See Atta. A) received confirmation that these items were disposed of, and to satisfy the federal requirements prior to filing a civil action.

If you need more space, attach one additional sheet.

B. Action Requested: That $11.48 be placed into my commissary account as compensation for the above cited loss. In the alternative I will accept 30 indigent envelopes or donated items in good condition ( e.g. CDs, books, etc.) that are equivalent to $11.48. Also, change 591 (c)(4) to allow indigent inmates to mail property out w/ postage through the U.S.P.S.

Inmate/Parolee Signature: _K. Schrubb, Sr._     Date Submitted: 9-8-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____     Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed     CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

SEP 1 0 2007
34

DSP 1-10-06

K. Schrubb, Sr.
#V-55952, A5-123

R & R Sergeant
A-Facility

Re: Status of Held Property

Dear R & R Sergeant:

Prior to 7-15-05, I sought and received approval to special order a stretch cap and a pair of gym shorts; upon the 8-23 delivery of these items to me, an R&R staff member advised me that the stretch cap was not allowed and I discovered that the gym shorts were too small. Upon receiving the above information I gave the items to the R&R officer with the request that they be mailed back to Access.

Eventually I was advised that per policy I was not allowed to mail the items back to Access utilizing postage stamps or the postage strips provided to indigent prisoners, and that I would have to pay with funds from my trust account. As a result of this decision I filed a claim with the Government Claims Board and filed a late 602.

On Sept. 27, 05, Jan. 10, March 28 and June 3, 06, I wrote to R&R requesting info. as to whether the items were destroyed, and if not, that I be provided with notification of their pending destruction on disposal.
Attachment A

As of this date I've not received any type of response to any of those letters nor confirmation that those items have actually been discarded or destroyed, and until I receive some type of written confirmation, I am prohibited from filing a 602 and civil action to recover their cost, or a civil action forcing you to allow me to mail them back if you still retain them.

So, could you please provide me with written confirmation concerning the status of the shorts and stretch cap?

Thank you,

Sept 5, 2007                    K. Schmidt, Sr.

Exhibit 19

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

September 10, 2007

*SCHRUBB, V55932*
*AF05L 000000123U*

Log Number: PBSP-A-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

*There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Time limits expired per CCR 3084.6(c). Therefore, if you would like to pursue this matter further, you must submit an explanation and supporting documentation explaining why you did not or could not file your appeal timely.*

*YOUR "ISSUE" OF DISALLOWED PROPERTY BEGAN ON 1-10-06.  THE FACT THAT YOU WERE RECENTLY NOTIFIED OF ITS DISPOSITION DOES NOT PROVIDE YOU WITH A NEW APPEAL ISSUE AND/OR NEW APPEAL TIME CONSTRAINTS.*

Appeals Coordinator
Pelican Bay State Prison

**NOTE:**  Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

Exhibit 20

K. Schrubb, Sr.

TV-55932, A6-130

c/o A Spalding

R & R                          the only way I can mail

A-Facility                     at Book is by UPS which will
                               cost you around $7.25 you have

Re: Book Mailout              30 days to get Funds.


Dear R & R:


On 11.21 you came to 6 Bldg. and delivered some
books to me; among those books was a childreris book
I wanted to send out.


As I don't have the funds to have the book mailed
out utilizing a Trust Account Withdrawal Order, can
you please send the book to the mailroom so that I
can furnish postage to have it mailed out?


Or in the alternative, could you advise me as to the
amount of postage needed to mail it out, and allow
me to use indigent envelopes to pay the postage?


                              Thank you,

                              K. Schrubb, Sr.

Nov. 27, 2006


                    Exhibit A                          10

Exhibit 21

K. Schrubb, Sr.                    C/o A Spalding
#V-55932, A6-130                   See Attached Copy of
                                   OP 806

C/O Spalding
A Facility R&R

Re: Book Mailout

Dear Mr. Spalding:

On 11·21 you came to 6 bldg. and delivered some
books to me; among those books was a children's book I
wanted to mail out.

On 11·27 I wrote you with a request to be allowed
to mail the book out; your response to that missive
was, "The only way I can mail out [the] book is by
UPS which will cost you aprm $ 7.25. You have
30 days to get the funds."

Please take note that I'm unable to raise those
funds because I'm indigent. Could you please tell me
what rule requires you to mail things out UPS
only?

                              Thank you,

Nov. 28, 2006                 K. Schrubb, Sr.
                Exhibit B                        17

Exhibit 21A

PELICAN BAY STATE PRISON
Operational Procedure No. 806
Inmate Personal Property Plan

Page 31
May 2006

indication on a Trust Account Withdrawal Order.

All mail outs addressed to a physical address shall be shipped via UPS. The cost of the mail out property shall be deducted from the inmate's trust account. Postal stamps shall not be utilized on any mail out property. All vendor packages returned to sender shall be sent out as they were mailed from the sender. Example: If a package was sent through UPS, the package shall be returned utilizing UPS.

The inmate shall be responsible for completing the address label to which the mail out property is being sent. R&R staff shall not complete any part of an incomplete address label. The incomplete address label shall be returned to the inmate for completion.

BB.    Inmate Property Complaints and Appeals Process

When an inmate feels the State is responsible for the loss or damage of his property, the inmate shall attempt to resolve the issue with on-duty staff. The inmate may utilize the appeal procedure as described in the DOM, Section 54100, and the CCR, Title 15, Section 3084.

The item(s) will be temporarily stored, allowing the appellant to provide R&R or the Facility Property Room with a copy of their appeal within 15 working days. A copy of the appeal will be attached to the item(s) to be held pending disposition. Property staff will note the appeal date, item(s) received and storage location of the items. Any items that are disposed of will be recorded on a CDC 128-B, Informational Chrono, and a copy will be forwarded to R&R for inclusion on the inmate's property card. Upon completion of the Second Level Review, if deemed not allowed, the property will not be retained pending Third Level Review.

The Board of Control will not act on property claims until administrative remedies have been exhausted. The Board of Control will not hear property claims unless an appeal has been filed on a CDC 602 and there is a Third Level Response granting or denying recommendations. A Board of Control Form is required when claims exceed $100. Property claims filed directly with the Board of Control will be returned with no action to the inmate/parolee with the instructions regarding the proper submittal procedure.

CC.    Lost, Stolen, or Worn Out Property

All registerable property that is worn out must be reported by the inmate in writing to the appropriate Property Officer as soon as practical. Unit staff shall deliver the worn out registerable property to the appropriate property area and staff will amend the inmate's property card.

In the event an inmate chooses to repair a malfunctioning television set, the appliance shall be returned to R&R for shipment to a repair vendor. The inmate must have a minimum of $50 in their trust account for estimates. If the appliance

Exhibit B1

13

Exhibit 22

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region  PBSP

Log No. 1. A06-03124  2.

Category 3/10

WANTS TO USE INDIGENT POSTAGE TO MAIL OUT UPS

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME Kevin R. Schrubb, Sr. Indluv

NUMBER H-55932

ASSIGNMENT None

212

UNIT/ROOM NUMBER A6-130 212

A. Describe Problem: On 11·27·06 I attempted to have a book mailed out via the USPS utilizing the postage guaranteed to me by 15 CCR §3134. See Exhibit A; C/O Spalding responded that I had to mail the book via UPS and with funds from my trust acct. per OP 806, and my statement that I was unable to raise the funds was of no moment. Please see Exhibits A, B and B1.

OP 806, as well as 15 CCR §3191 (C), (D) and (E), violate the Equal

If you need more space, attach one additional sheet.

See attached page 7

B. Action Requested: I would like to be able to mail the book out using the postage designated for my indigent envelopes, and thus be afforded Equal Protection under the U.S. Constitution.

Inmate/Parolee Signature: K. Schrubb, Sr.          Date Submitted: 12·06·06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

*BYPASS*    see RESPONSES from C/O SPAULDING R:SR

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

*BYPASS*

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

INMATE APPEALS BRANCH
FEB -9 2007
RECEIVED

DEC 0 7 2006          DEC 2 6 2006
1ST AW-CS          2ND APPEALS

First Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 12-07-06    Due Date: 01-23-07

Interviewed by: S BRANCH 12-15-2006

Staff Signature: _____   Title: CAPT B   Date Completed: 12-19-06

Division Head Approved: _____

Signature: _____   Title: AW C B   Date to Inmate: 12/21/06

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Please see attached "First Level Appeal"

Signature: K Schnabel Sr.    Date Submitted: 12-26-06

Second Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 12-26-06    Due Date: 01-25-07

☒ See Attached Letter

Signature: B. _____   Date Completed: 1-5-07

Warden/Superintendent Signature: _____   Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

PBSPs contract with FedEx for exclusive shipping of all inmate correspondence denials at First Class postage is illegal, once I am _____ to _____ _____ courts nullify that illegal contract and force monetary damages upon the state and FedEx. Also see attached

Signature: K. Schnabel Sr.    Date Submitted: 2-5-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other
☒ See Attached Letter    Date: APR 2 6 2007

CDC 602 (12/87)

Protection Clause of the U.S. Const., as they favor non-indigent prisoners over indigent prisoners by restricting the mailing, retention and conveyance of personal property to those prisoners who can afford to mail their unauthorized or unwanted property out. Indigent prisoners are only allowed two choices concerning their unauthorized or unwanted property, (1) throw it away or (2) donate it; non-indigent prisoners have three choices, (1) mail it home, (2) throw it away or (3) donate it. Additionally, OP 806 requires the carrier be UPS which is more expensive.

Clearly this is an abject violation of my Const. protections as I am not allowed to mail property out by virtue of my indigency, even though as an indigent I have an available option to. Indigent prisoners are allowed 20 first class postage meter strips for indigent letters per month; the U.S. Postal Service has advised me that they accept postage meter strips to mail packages and pay for tracking services. See Exhibit C.

Allowing me to mail a book, which is just like mailing a manuscript or college lessons out. No problem will develope

Prisoners do not forfeit all equal protection rights upon incarceration; however, practices that result in unequal treatment among prisoners are permissible if such practices bear a rational relation to legitimate penal interests. Lee v. Washington, 390 U.S. 333. To successfully claim a violation of the right to equal treatment, an inmate must prove that (1) similarly situated inmates are treated differently by the State, and (2) that there is no rational basis for the dissimilar treatment. Johnson v. Rodriguez, 110 F.3d 299,

17

First Level Appeal
Log # PBSP-A06-03124
Page 1


I am not satisfied with the first level appeal response for the following reasons:

1. 15 CCR §3134 does not specifically prohibit me from utilizing said postage to mail the book out.

2. R & R, on two previous occasions have allowed me to mail out personal property utilizing my indigent envelope postage. Please see Exhibit D. The second receipt (CDC Form 1819) for mailing out a cup, a bowl, fingernail clippers, ink pens and a mirror, that I had purchased while housed at DVI reception was never provided to me by R & R. R & R is still in possession of that receipt (CDC Form 1819).

3. It is a practice of the mailroom to allow a prisoner to utilize more than one indigent envelope's postage to cover the cost of postage for a single piece of mail. See Exhibit E.

4. The practice of prohibiting indigent prisoners access to mailing services due to their poverty, while allowing non-indigent prisoners access to mailing services due to their financial stability, is illegal, when there is an alternative available to the indigent prisoner that does not negatively

16

First Level Appeal
Log # PBSP-A06-03124
Page 2

effect the operation of the institution, and the
staff refuses to allow the indigent prisoner
access thereto, citing no reason for the denial
other than the prisoner's poverty.

5. PBSP staff actions of prohibiting me from
mailing out property utilizing lawfully
provided postage, violates the Equal Protection
Clause of the United States Constitution.

It is unbelievable that you would go through
so much just to keep me from mailing a
children's book to my child, when doing so
will not cost you a dime or cause any type
of problem for anyone or any system in
this institution, and force me to take this
matter to the courts. All I want to do is
mail a book to my son using my indigent
postage. What is wrong with you people?!

19

## FIRST LEVEL APPEAL RESPONSE

**RE**:     PELICAN BAY STATE PRISON
            Appeal Log No. PBSP-A06-03124
            First Level Reviewer's Response

**INMATE NAME:**     SCHRUBB V-55932

**APPEAL DECISION:   DENIED**

**APPEAL ISSUE:**
SCHRUBB is requesting to mail a book out using indigent envelopes.

**APPEAL RESPONSE:**
A review of your appeal has been completed. Your complaint, including your requested remedial action has received careful consideration. Correctional Sergeant S. Bradley was assigned to investigate your allegations at the First Level.

SCHRUBB was interviewed on December 15, 2006, he had no further information to add regarding this appeal.

The California Code of Regulations (CCR), Title 15, Section 3191(c)1&2 states: (c) Inmate personal property not meeting the criteria in section 3190, shall be disposed of in accordance with this section. An inmate shall select one of the methods listed below for disposing of personal property which is unauthorized pursuant to subsection (b) and Sections 3006 and 3190. If the inmate makes no selection or has insufficient funds, staff shall document that fact and determine the method of disposition. (1) Mail the item to an address of an individual willing to accept the personal property, provided by the inmate, via United States Postal Service (USPS) or common carrier at the inmate's expense. This option is not available for inmates with insufficient trust account funds. (2) Return the item to the sender via USPS or common carrier at the inmate's expense. This option is not available for inmates with insufficient trust account funds.

The CCR, Title 15, Section 3134, Indigent Inmates states: Writing paper, envelopes, and the minimum postage required for first class domestic mail for up to five one ounce letters per week shall be supplied to an indigent inmate as defined in section 3000, upon the inmate's request. An indigent inmate shall have free and unlimited postage for the mailing of claims to the Board of Control and for the filing of legal documents to any court as described in section 3165. Foreign mail requiring postage in excess of the minimum required for first class domestic mail will be limited to two of the five one ounce letters. A charge will not be placed against future deposits to the inmate's trust account to recover the costs of materials and postage provided while the inmate was without funds.

The authorities cited for the CCR, Title 15, Sections 3134 and 3191 is Penal Code 5058.

The Department Operations Manual (DOM), Section 54030.12.2 states in part: Mail the item to an address provided by the inmate via USPS of common carrier at the inmate's expense. This option is not available for inmates with insufficient funds in their trust account.

Return item to the sender via USPS or common carrier at the inmate's expense. This option is not available for inmates with insufficient funds in their trust account

Page 2
Appeal Log #PBSP-A06-03124
First Level Reviewer's Response

**FINDINGS:**
A thorough review of the allegation presented in this complaint has been completed. The indigent envelopes and postage are for inmates to mail 5 one once first class mailings per month. All disallowed personal property is to be sent out at the inmate's expense and not the states. SCHRUBB has been given the opportunity to acquire the funds to cover the cost of mailing the property out even though the regulation clearly states it is not a requirement.

Based on the above, your appeal is **DENIED** at the First Level of Review.

C. E. DUCART                    /2-/9-06          M. D. YAX              /2/19/
Correctional Captain            Date              Associate Warden       Date
Central Services                                  Central Services

?1

Second Level Appeal
Log # PBSP-A06-03124
Page 1 of 2

Petitioner's books are classified as third class mail CCR §3147, and as such, the Petitioner is allowed by law to mail them out utilizing the U.S.P.S. Procunier v. Martinez, 416 U.S. 396; Bell v. Wolfish, 99 S.Ct. 1861; Thornburgh v. Abbott, 109 S.Ct. 1874; Turner v. Safely, 107 S.Ct. 2256; and Sections C031.3.0 and C031.5.4 of the Domestic Mail Manual, U.S. Postal Regulations.

CCR §3138(d) only refers to inmates who wish to ship "packages", not mail as the book is classified; but in arguendo, just because the institution has complied with this regulation and have established a procedure for shipping "packages", does not relieve it of the equal protection clause of the U.S. Constitutional requirements. If the Petitioner is unable to access the right allowed other similarly situated prisoners in the preferred fashion, but can comply in another that does not threaten the safety and security of the institution or others, the Petitioner should be allowed access in such manner. This institution is placing an illegal restriction upon the Petitioner in order to reap the benefits of an illegal kickback scheme from FedEx, of which the Petitioner will "attack" in federal court.

The institution and FedEx have concocted an illegal scheme to deprive the Petitioner of a right in order to line their pockets; the Petitioner is prohibited from using the USPS to mail out third

22

Second Level Appeal
Log # PBSP-A06-03124
Page 2 of 2

Class correspondence in order for the institution
and FedEx to profit, in face of a viable
alternative.

   As previously stated, CCR§3134 does not prohibit
the Petitioner from utilizing indigent postage
meter strips to pay the postage of mailing books
out utilizing the USPS. You cannot designate
UPS, FedEx, or any other common carrier as the
sole shipper of all classes of mail other than
First Class mail. And I will file a federal lawsuit
if I'm not allowed access to the U.S. Mails.

23

| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE: **JAN 2 4 2007**

Inmate SCHRUBB, V-55932
Pelican Bay State Prison
Facility A, General Population
Building 6, Cell 212

RE:    WARDEN'S LEVEL DECISION                                    APPEAL: DENIED
       APPEAL LOG NO. PBSP-A-06-03124                             ISSUE: PROPERTY

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP).
Correctional Sergeant S. Bradley interviewed the inmate on December 15, 2006, at the First Level of Appeal
Review.

## ISSUES

The inmate requests to use metered envelopes to mail out a book.

## FINDINGS

I

The inmate claims on November 27, 2006 he attempted to mail a children's book to his son by using the
metered envelopes he received for being indigent, but was told by Receiving & Release (R&R) staff that he
would have to use funds from his trust account. However, he disagrees with this policy claiming it unfairly
limits an indigent inmate's options for disposing of unwanted property.

II

California Code of Regulations (CCR) Section 3138 (d) (2) states facilities will establish and make available
to all inmates procedures for shipping packages to their correspondents.

Operational Procedure #205, Inmate Mail, VI, V2, states outgoing shipments processed through R&R are
only sent via the United Parcel Service (UPS) and require the inmate have available funds and submit a
Trust Withdrawal Account Order requesting the service.

CCR Section 3084.2 (a) (1) allows a limit of one continuation page, front and back, to be attached to the
appeal to describe the problem and action requested in Sections A and B of the form.

## DETERMINATION OF ISSUE

The inmate pursues his appeal to the Second Level of Appeal Review in disagreement with the institutional
procedure which prohibits his use of metered envelopes to mail out a book. Regardless, the institution has
complied with CCR Section 3138 (d) (2) by establishing the procedure. However, the interim contract for
small parcel delivery services with UPS has expired and as a result of multi-state competitive solicitation by

Supplement Page 2
Schrubb, V-55932
Appeal # PBSP-A-06-03124

the Department of General Services R&R now utilizes FedEx Worldwide Services precluding the use of metered envelopes, therefore, the APPEAL IS DENIED. The inmate is also advised that the additional pages he attached to further describe Section F is excessive and no additional pages shall be attached to the appeal.

As this appeal has been denied at the Second Level of Review, the inmate has fifteen days from the date of this response to inform the property room staff concerning his decision on the disposition of the book. If he wishes to send the book to someone outside of the institution, he must provide a signed trust withdrawal sufficient to cover the cost of shipping with the address of the person he wishes the property to be sent. If the inmate does not comply with this direction, staff will make the decision on the disposition of the property.

## MODIFICATION ORDER

No modification of this action or decision is required.

ROBERT A. HOREL
Warden
Pelican Bay State Prison

BDS #46 1-18-07

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:      APR 2 6 2007

In re:    Schrubb, V-55932
          Pelican Bay State Prison
          P.O. Box 7000
          Crescent City, CA 95531-7000

IAB Case No.: 0609749          Local Log No.: PBSP 06-03124

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner A. A. Read. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that on November 27, 2006, the appellant attempted to have a book mailed out via the United States Postal Service utilizing postage allowed to him pursuant to California Code of Regulations, Title 15, Section (CCR) 3134. Pelican Bay State Prison (PBSP). Correctional Officer Spalding responded that the appellant had to mail the book via United Parcel Service (UPS) and with funds from the appellant's trust account pursuant to Operational Procedure (OP) #806. The appellant stated that he was unable to raise the funds at that time. It is contended that the institution's regulations violate the appellant's Equal Protection Clause of the U. S. Constitution and that indigent inmates have only two (2) choices concerning their unauthorized or unwanted property, throw it away or donate it. The appellant requests that he be able to mail the book out using the postage from indigent envelopes.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the appellant's concerns have been properly addressed by involved and/or assigned PBSP staff. The First Level of Review quoted CCR 3134 and CCR 3191 as the regulations that apply to the appellant's appeal issues. The institution indicates that OP #205, Inmate Mail, states that outgoing shipments processed through the PBSP Receiving & Release (R&R) are only sent via the UPS and require the inmate to have available funds and submit a CDC Form 193, Trust Account Withdrawal Order requesting the service. The Second Level of Review states that the interim contract for small parcel delivery services with UPS has expired and as a result of multi-state competitive solicitation by the Department of General Services, R&R now utilizes FedEx Worldwide Services (FWS) precluding the use of metered envelopes. The appellant was also advised that the additional pages he attached to further describe Section "F" of this appeal is excessive and no additional pages shall be attached to the appeal. Based upon the aforementioned information, the Second Level of Review denied the appeal.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** The documentation and presented arguments are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the SLR. The examiner reviewed CCR 3134, Indigent Inmates, and CCR 3191, Property Registration and Disposition, and concurs with the assessment of the institution that the appellant's appeal issues have been appropriately and properly addressed. The examiner noted the appellant's attached Exhibit "A", "B" and "C". The institution clearly explained the CDCR regulations concerning the mailing out of personal property that the appellant did not wish to possess in his cell. The appellant's request to use the services of either UPS at an earlier date or the current services of FWS is not appropriate, based upon the appellant's indigent status. If the appellant had available funds for the mailing at the time he requested such services, then the institution would have completed the process for mailing out his book. CDC Operations Manual Section (DOM) 54030.12.2, Processing Disapproved Property, also explains the department's policy regarding the shipping of inmate property and the various methods of sending out said property. The appellant has not shown any documentation or other verified evidence that would lend credence to his appeal issues and requests. The appellant has been duly informed regarding his appeal issues and responding institutional staff has addressed all pertinent areas of his complaint. The examiner finds that the appellant has failed to present any new documentation and/or evidence that

SCHRUBB, V-55932
CASE NO. 0609749
PAGE 2

would substantiate his claim; therefore, justification for intervention at the Director's Level of Review is not warranted.

The appellant has added new issues and requests to his appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

**B. BASIS FOR THE DECISION:**
California Penal Code Section: 5058
CCR: 3130, 3131, 3134, 3138, 3147, 3191
DOM: 54030.12.2

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
       Appeals Coordinator, PBSP

27

Exhibit 23

K. Schrubb, Sr.
#V-55932, A6-212
PBSP

R&R
A-Facility
PBSP

Re: Mailing of Children's Book

Dear R&R:

    On Dec. 20, 2006 R&R came to Bldg. 6 to deliver property; among the items delivered to me was a children's book which I wanted mailed out.

    Please take note that I do not have the funds to mail it out utilizing the Trust Account Withdrawal system, and now request that you allow me to utilize my indigent postage to mail it out.

C/o A Spaldin

12-22-06

Sorry, per OP806 All mailout of property is done through UPS
For tracking purposes. You need do get — Thank You,
Funds before your 30 Days are up!     K. Schrubb, Sr.
Dec. 21, 2006

Exhibit A

79

Exhibit 24

State of California    Case 3:08-cv-02986-TEH    Document 1    Filed 06/02/2008    Page 103 of 142
Department of Corrections and Rehabilitation
CDC Form 695

## INMATE/PAROLEE APPEALS SCREENING FORM

Name: SCHPUBB                    Number: V55932    Housing: A6 Z/2

### YOUR APPEAL IS BEING REJECTED/CANCELLED AND RETURNED FOR THE FOLLOWING:

Screening Appeals Rejection Criteria:

[ ] 1.   The resolution is not within CDC's jurisdiction. See CCR, Title 15, Sections 3084.2(e) and 3084.3(c)(1).

[X] 2.   The appeal duplicates the inmates previous appeal. See CCR, Title 15, Section 3084.3(c)(2).
　　　　[ ] (a) Your appeal has been screened out on _____ for _____.
　　　　[ ] (b) Your appeal is being reviewed at the _____ Level, Log # _____.
　　　　[X] (c) Your appeal has been completed at the __15Z__ Level, Log # __03/24__.

[ ] 3.   The appeal concerns an anticipated action or decision. See CCR, Title 15, Section 3084.3(c)(3).

[ ] 6.   The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he could/did not submit the appeal within the time limit. See CCR, Title 15, Sections 3084.2(c), 3084.3(c)(6), and 3084.6(c).

[ ] 8.   Abuse of the Appeal Process/Right to Appeal.
　　　　[ ] (a) Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is excessive. See CCR, Title 15, Section 3084.4(a).
　　　　[ ] (b) Inappropriate statements. The Appeal contains false information, profanity, or obscene language. The appeal is rejected. See CCR, Title 15, Section 3084.4(b).
　　　　[ ] (c) Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous, unrelated documentation. See CCR, Title 15, Section 3084.4(c).
　　　　　　[ ] (1) Only allowed 1 added page, front and back, to describe the problem and action requested in Sections A and B, per CCR, Title 15, Section 3084.2(a)(1).
　　　　　　[ ] (2) Only supporting documentation necessary to clarify appeal shall be attached to the appeal, per CCR, Title 15, Section 3084.2(a)(2).
　　　　[ ] (d) Lack of cooperation. Appellant refused to cooperate and/or interview with the reviewer which has resulted in cancellation of the appeal, per CCR, Title 15, Section 3084.4(d).
　　　　　　[ ] (1) Your appeal was screened out and returned to you with instructions:
　　　　　　　　[ ]　　　　　　　　[ ]　　　　　　　　[ ]
　　　　[ ] (e) Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the inmate's welfare, per CCR, Title 15, Section 3084.1(a).
　　　　[ ] (f) This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview form or CDC-7362, Medical Request form).

[ ] 9.   Cannot appeal on behalf of another inmate/person. See CCR, Title 15, Sections 3084.2(d) and 3084.3(c)(7).

[ ] 10.  Issue resolved at previous level of Appeal review. See CCR, Title 15, Sections 3084.3(c)(8) and 3084.4(d).

Comments: _____

_____

_____

C. E. WILBER                    Date
Appeals Coordinator

This screening decision may not be appealed unless you can support an argument that the above is inaccurate.
In such a case, please return this form to the Appeals Office with the necessary supporting information.

## PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE
PBSP    (Rev. 11/06)    CCR 3084.3(d)    PBSP

SEO 2 6 2008

34

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: PBSP

Log No.

1. _____

2. _____

1. _____

2. _____

Category
3 / 10
WANTS TO USE
IND, GENT MAIL/POSTAL
FOR
UP

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| K. Schnutts, Sr. | V-55932 | None | A6-217 |

A. Describe Problem: On 12.21 06 I attempted to have a book mailed out via the USPS utilizing the postage guaranteed to me by 15 CCR § 3134, See Exhibit; C/O Spalding responded that I had to mail the book via UPS and with funds from my trust account per OP 806, and my statement that I was unable to raise the funds was of no moment. Please see Exhibit A.

OP 806, as well as 15 CCR § 3191 (c), (i) and (o), violate the Equal

If you need more space, attach one additional sheet.

See attached page →

B. Action Requested: I would like to be able to mail the book out using the postage guaranteed me per 15 CCR § 3134, as I am unable to raise the necessary funds to mail it via UPS, and Thus be afforded my Const Equal Protection rights.

Inmate/Parolee Signature: K. Schnutts, Sr.    Date Submitted: 12.26.06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

DEC 2 6 2006

16.

3/

Protection Clause of the U.S. Const, as they favor non-indigent prisoners over indigent prisoners by restricting the mailing, retention and conveyance of personal property to those prisoners who can afford to mail their unauthorized or unwanted property out. Indigent prisoners are only allowed two choices concerning their unauthorized or unwanted property, (1) throw it away or (2) donate it; non-indigent prisoners have three choices, (1) mail it home, (2) throw it away or (3) donate it. Additionally, OP 806 requires the carrier be UPS which is more expensive.

Clearly this is an abject violation of my const. protections, as I am not allowed to mail property out by virtue of my poverty, even though as an indigent I have an available option to. Indigent prisoners are allowed 20 first class postage meter strips for indigent letters per month; the U.S. Postal Service has advised me that they accept postage meter strips to mail packages and pay for tracking services. See Exhibit 6 of A06-0312L.

Allowing me to mail a book is just like mailing out a manuscript or college lessons, no problem will develop.

Prisoners do not forfeit all equal protections rights upon incarceration; however, practices that result in unequal treatment among prisoners are permissible if such practices bear a rational relation to legitimate penal interests. Lee v. Washington, 390 U.S. 333. To successfully claim a violation of the right to equal treatment, an inmate must prove that (1) similarly situated inmates are treated differently by the state, and (2) that there is no rational basis for the dissimilar treatment. Johnson v. Rodriguez, 110 F.3d 299,

52

Exhibit 25

K. Schrubb, Sr.
#V-55932, A6-212

R & R
A - Facility

Re: Property Shipping Information

Dear R & R :

What is the name of the parcel company that this institution, on the state, has contracted with to ship out inmate personal property packages?

What are their shipping rates?

Is there a minimum weight that has to be met for shipping?

What form of payment will the company accept?

I have two children's books there that I'm appealing to have shipped; could you please provide me the weight of those and the amount it will take me to ship them to Virginia Beach, Virginia?

Thank you,
K. Schrubb, Sr.

April 1, 2007

36

Exhibit 26

Kevin R. Schrubb, Sr.
#V-55937, A6-212

~~R&R~~
A - Facility

Re: Property Shipping Info.

Dear R & R:

Could you please provide me with the name of the shipping company this institution contracts with to ship inmate property, and their shipping rates?

Also, is there a minimum weight that has to be met for shipping a package, and can my family pay the rate directly to the company?

I have two children's books there that may have to be shipped home soon, so could you please provide me with their weight and amount to ship them to Virginia Beach, va.? ℅ ASpalding                    4-25-07

we use FedEX, which I have to do online by computer. I do not know cost until I enter into to ship package at. this can only be paid off your trust account.          Thank You,

April 24, 2007                    R. Schrubb, Sr.

37

Exhibit 27

K. Schrubb, Sr.
#V-55032, AG-212

R&R
A-Facility

Re: Disposition of Held Property
    PBSP Log No.: 06-03124 and IAB Case No.: 0609749

Dear R&R:

    I've just received the completed 602 back that refers to the two childrens books you are holding; please note that I am preparing a civil action in order to have the Director's decision overturned, and I would like the books held until the court renders a decision.

    If you cannot hold the books, please alert me prior to you destroying or discarding them, and if you've already destroyed or discarded them, please advise me of the date they were discarded or destroyed.

                                    Thank You,

                                    Kevin K. Schrubb, Sr.

May 10, 2007

Exhibit 28

K. Schrubb, Sr.
#V-55952, A5-123

R & R

Re: Property Retention/Disposition

Dear R & R:

Could you please advise me if you are still holding 2 childrens books, X-Rays, CAT scans and photo negatives under my name?

If not and the above items were destroyed or discarded, could you please advise me as to the date the destruction and/or discarding occurred?

Thank you,
K. Schrubb, Sr.

August 25, 2007

41

Exhibit 29

## NOTICE OF PROPERTY DISPOSAL
### Attachment I

NAME _Schrubb_ _____ NUMBER _V-55 932_ HOUSING _A6-212_

, LOG # _0190 -Book_

---

**APPEALS CHECKED:**          **APPEAL LOG#** _____

☐ THERE HAS BEEN NO APPEAL ON THIS PROPERTY

☐ THE APPEAL WAS DENIED AND / OR HELD THROUGH THE SECOND LEVEL REVIEW

---

INMATE _Schrubb_ ___, ON THIS DATE _4-23-07_ ____ YOU ARE BEING NOTIFIED, THAT THE THIRTY DAY WAITING PERIOD HAS EXPIRED ON THE UNALLOWED PROPERTY STORED IN RECEIVING AND RELEASE SINCE _1-5-07_ _____. PER INSTITUTIONAL PROCEDURE, AND CALIFORNIA CODE OF REGULATIONS, TITLE 15, DIRECTOR'S RULE 3190 YOUR PROPERTY BEING HELD AT R&R IS BEING DISPOSED OF. RECEIVING AND RELEASE HAD NO RESPONSE FROM YOU, EITHER PROVIDING FUNDS OR INSTRUCTIONS AS TO WHAT DISPOSITION YOU DESIRED WITH REGARDS TO YOUR PROPERTY.

***** NO FURTHER NOTICE WILL BE GIVEN! *****

DISPOSAL DATE: _4-23-07_      RECEIVING AND RELEASE C/O _A. Spalding_

Cc: Inmate
   Property File

Exhibit 30

CDC Form 695

## INMATE/PAROLEE APPEALS SCREENING FORM

Name: SCHRWBB       Number: K55932     Housing: AS 1 23

### YOUR APPEAL IS BEING REJECTED/CANCELLED AND RETURNED FOR THE FOLLOWING:

Screening Appeals Rejection Criteria:

[ ] 1. The resolution is not within CDC's jurisdiction. See CCR, Title 15, Sections 3084.2(e) and 3084.3(c)(1).

[X] 2. The appeal duplicates the inmates previous appeal. See CCR, Title 15, Section 3084.3(c)(2).
- [ ] (a) Your appeal has been screened out on _____ for _____.
- [ ] (b) Your appeal is being reviewed at the _____ Level, Log # _____.
- [ ] (c) Your appeal has been completed at the _____ Level, Log # _____.

[ ] 3. The appeal concerns an anticipated action or decision. See CCR, Title 15, Section 3084.3(c)(3).

[ ] 6. The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he could/did not submit the appeal within the time limit. See CCR, Title 15, Sections 3084.2(c), 3084.3(c)(6), and 3084.6(c).

[ ] 8. Abuse of the Appeal Process/Right to Appeal.
- [ ] (a) Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is excessive. See CCR, Title 15, Section 3084.4(a).
- [ ] (b) Inappropriate statements. The Appeal contains false information, profanity, or obscene language. The appeal is rejected. See CCR, Title 15, Section 3084.4(b).
- [ ] (c) Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous, unrelated documentation. See CCR, Title 15, Section 3084.4(c).
  - [ ] (1) Only allowed 1 added page, front and back, to describe the problem and action requested in Sections A and B, per CCR, Title 15, Section 3084.2(a)(1).
  - [ ] (2) Only supporting documentation necessary to clarify appeal shall be attached to the appeal, per CCR, Title 15, Section 3084.2(a)(2).
- [ ] (d) Lack of cooperation. Appellant refused to cooperate and/or interview with the reviewer which has resulted in cancellation of the appeal, per CCR, Title 15, Section 3084.4(d).
  - [ ] (1) Your appeal was screened out and returned to you with instructions:
    - [ ]     [ ]     [ ]
- [ ] (e) Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the inmate's welfare, per CCR, Title 15, Section 3084.1(a).
- [ ] (f) This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview form or CDC-7362, Medical Request form).

[ ] 9. Cannot appeal on behalf of another inmate/person. See CCR, Title 15, Sections 3084.2(d) and 3084.3(c)(7).

[ ] 10. Issue resolved at previous level of Appeal review. See CCR, Title 15, Sections 3084.3(c)(8) and 3084.4(d).

Comments: TAKING ACTION ON A DISPOSITION OF PROPERTY Prior TO 3RD level APPEAL IS NOT A VIOLATION OF LAW OR POLICY. REGArDless, YOU WILL NOT BE Allowed TO Re-APPeal THis ISSUE AS IT WAS Already AddresseE THrU 3RD level.

C. E. WILBER       SEP 0 7 2007
Appeals Coordinator       Date

This screening decision may not be appealed unless you can support an argument that the above is inaccurate. In such a case, please return this form to the Appeals Office with the necessary supporting information.

**PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE**
PBSP    (Rev. 11/06)    CCR 3084.3(d)    PBSP

SEP 0 4 2007

TU 3:-
leve
IPPP

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location:  Institution/Parole Region       Log No.     **PELICAN BAY**
1.  **PBSP**                      1.  _____ **G.P. UNIT A-5**  5/14
2. _____                   2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| K. Schnubb, Sr. | V-55957 | None | A5-125 |

A. Describe Problem: On or about 11-27-06, I received a handcover childrens
book from an outside vendor that was inadvertently mailed to me
rather than to my son. I then attempted to have the book mailed
out via USPS utilizing postage guaranteed to me as an indigent
prisoner. C/O Spaulding advised me that I could not use that
postage and that I had to use funds from my trust account.
I then filed a 602 stating that such a requirement was illegal
and that I should be allowed to utilize indigent stamped

If you need more space, attach one additional sheet.                    See attached page 7

B. Action Requested: Compensation in the amount of $15.98 per book
and $4.95 S/H for a total reimbursement amount of
$41.86

Inmate/Parolee Signature: K. Schnubb, Sr.          Date Submitted: 9-1-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____          Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
Board of Control form BC-1E; Inmate Claim

**SEP 0 4 2007**
Z5

K. Schrubb, Sr.
#V-55932, A5423

PELICAN BAY
G.P. UNIT A-5

R&R

Re: Property Retention/Disposition

Dear R&R:

Could you please advise me if you are still holding 2 Childrens books, X-Rays, CAT Scans and Photo negatives under my name?

If not and the above items were destroyed or discarded, could you please advise me as to the date the destruction and/or discarding occurred?

Thank you,
K. Schrubb, Sr.

August 25, 2007

Exhibit A

**PELICAN BAY**
**G.P. UNIT A-5**

Describe Problem:

envelopes to mail the book out. My 602 was denied to the Director's level, IAB Case No.: 0609749.

On or about 12.20.06, I received another hardcover Children's book from an outside vendor that was again inadvertently mailed to me rather than to my son. Again I attempted to have this book mailed out via USPS utilizing postage guaranteed to me as an indigent prisoner. C/O Spaulding again advised me that I could not use that postage and that I had to use funds from my trust account. I filed a 602 stating that such a requirement violated federal law. In reply, the appeals coordinator rejected my 602 stating that it was a duplicate of appeal log No. 03124.

While preparing to file a civil rights action under 42 U.S.C. §1983, I wrote R&R to ascertain the status of the books, Exhibit A; I received for the very first time, copies of the "Notice of Property Disposal" forms for the books that I should have received at the conclusion of the appeals process. Upon reviewing the "notices" I noted that form log no. 10705 showed that no appeal was filed and it was disposed of on 3.19.07, and form log no. 0190-Book failed to show if an appeal had been filed and it was destroyed on 4.23.07. I am unable to provide copies of the above mentioned documents because they have been sent to the Claims Board.

The Director's response in PBSP Log No.: A06-03124 and IAB Case No.: 0609749 was given on 4.26.07, which shows that my books were destroyed before the appeals process was completed, in violation of law.

Exhibit 31

| | |
|---|---|
| **Government Claims Form**<br>California Victim Compensation and Government Claims Board<br>P.O. Box 3035<br>Sacramento, CA 95812-3035<br><br>1-800-955-0045 • www.governmentclaims.ca.gov | **State of California**<br><br><br>**For Office Use Only**<br>**Claim No.:** |

## Is your claim complete?

| | |
|---|---|
| ☐ | New! Include a check or money order for $25 payable to the State of California. |
| ☐ | Complete all sections relating to this claim and sign the form. Please print or type all information. |
| ☐ | Attach receipts, bills, estimates or other documents that back up your claim. |
| ☐ | Include two copies of this form and all the attached documents with the original. |

## Claimant Information

**①** Schrubb, Sr.,  Kevin  R.  **②** Tel:
Last name  First Name  MI  **③** Email: N/A

**④** Post Office Box 7500  Crescent City  Ca.  95531
Mailing Address  City  State  Zip

**⑤** Best time and way to reach you:  N/A

**⑥** Is the claimant under 18?  ☐ Yes  ☒ No  If YES, give date of birth:
MM  DD  YYYY

## Attorney or Representative Information

**⑦** N/A  **⑧** Tel:
Last name  First Name  MI  **⑨** Email:

**⑩**
Mailing Address  City  State  Zip

**⑪** Relationship to claimant:

## Claim Information

**⑫** Is your claim for a stale-dated warrant (uncashed check) or unredeemed bond?  ☐ Yes  ☒ No

State agency that issued the warrant:  If NO, continue to Step **⑬**

Dollar amount of warrant:  Date of issue:
MM  DD  YYYY

Proceed to Step **㉒**.

**⑬** Date of Incident: August 28, 2007 - Date of original notification
Was the incident more than six months ago?  ☐ Yes  ☒ No
If YES, did you attach a separate sheet with an explanation for the late filing?  ☐ Yes  ☐ No

**⑭** State agencies or employees against whom this claim is filed:
C/O A. Spalding, Pelican Bay State Prison R&R

**⑮** Dollar amount of claim: $ 41.86

If the amount is more than $10,000, indicate the type of civil case:  ☐ Limited civil case ($25,000 or less)  ☐ Non-limited civil case (over $25,000)

Explain how you calculated the amount:
Cost of each book plus postage and handling.

**16** Location of the incident:

Pelican Bay State Prison's Receiving and Release (R&R)

**17** Describe the specific damage or injury:

Destruction of personal property during pendency of appeal.
See attached "Claims to be Presented."

**18** Explain the circumstances that led to the damage or injury:

See attached "Facts Relating to Claim."

**19** Explain why you believe the state is responsible for the damage or injury:

The property should have been held pending the outcome of the 602 process.

**20** Does the claim involve a state vehicle?  ☐ Yes  ☒ No

If YES, provide the vehicle license number, if known:

## Auto Insurance Information

**21**

*Name of Insurance Carrier*

| *Mailing Address* | | *City* | | *State* | *Zip* |
|---|---|---|---|---|---|
| Policy Number: | | | Tel: | | |
| Are you the registered owner of the vehicle? | | | | ☐Yes | ☐No |
| If NO, state name of owner: | | | | | |
| Has a claim been filed with your insurance carrier, or will it be filed? | | | | ☐Yes | ☐No |
| Have you received any payment for this damage or injury? | | | | ☐Yes | ☐No |
| If yes, what amount did you receive? | | | | | |
| Amount of deductible, if any: | | | | | |
| Claimant's Drivers License Number: | | Vehicle License Number: | | | |
| Make of Vehicle: | Model: | | Year: | | |
| Vehicle ID Number: | | | | | |

## Notice and Signature

**22** I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

Kevin R. Schnell Sr.                          September 6, 2007
*Signature of Claimant or Representative*          *Date*

**23** Mail the original and two copies of this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 3035, Sacramento, CA, 95812-3035. Forms can also be delivered to the Victim Compensation and Government Claims Board, 630 K Street, Sacramento.

## For State Agency Use Only

**24**

| *Name of State Agency* | *Fund or Budget Act Appropriation No.* |
|---|---|

| *Name of Agency Budget Officer or Representative* | *Title* |
|---|---|

| *Signature* | *Date* |
|---|---|

VCGCB-GC-002 (Rev. 8/04)

2

**AFFIDAVIT FOR WAIVER OF GOVERNMENT CLAIMS FILING FEE AND FINANCIAL INFORMATION FORM**

*(Request for Permission to Proceed In Forma Pauperis)*
California Victim Compensation and Government Claims Board
P.O. Box 3035
Sacramento, CA 95812-3035

1-800-955-0045 ▪ www.governmentclaims.ca.gov

**State of California**

**For Office Use Only**

**Claim No.:**

---

*I request a fee waiver so that I do not have to pay the $25 fee to file a government claim with the Victim Compensation and Government Claims Board. I cannot pay any part of the fee.*

**Claimant Information**

**❶** Schnubb, Sr.,   Kevin   R.   **❷** Tel: ▨▨▨▨▨▨▨▨▨▨
Last name    First Name    MI

**❸** Claim Number (if known):

**Employment Information**

**❹** My occupation: Prison inmate

My employer:

| Employer's Mailing Address | City | State | Zip |
|---|---|---|---|

My spouse's or partner's employer:

| Employer's Mailing Address | City | State | Zip |
|---|---|---|---|

**❺** If you are an inmate in a correctional facility, please attach a certified copy of your trust account balance, enter your inmate identification number below and skip to step **㉓**.

Inmate Identification Number: #FV-55952

**Financial Information**

**❻** I am receiving financial assistance from one or more of the following programs.   🔲 Yes   ☒ No

If no, proceed to step **❼** If yes, check all that apply, then skip to step **㉑**.

☐ SSI and SSP: Supplemental Security Income and State Supplemental Payments Programs

☐ CalWORKS: California Work Opportunity and Responsibility to Kids Act

☐ Food Stamps

☐ County Relief, General Relief (GR), or General Assistance (GA)

**❼** Number in my household and my gross monthly household income, if it is the following amount or less:

| | Number | Monthly family income | | Number | Monthly family income |
|---|---|---|---|---|---|
| **A** | 1 | $969.79 | **F** | 6 | $2,626.04 |
| **B** | 2 | $1,301.04 | **G** | 7 | $2,957.29 |
| **C** | 3 | $1,632.29 | **H** | 8 | $3,288.54 |
| **D** | 4 | $1,963.54 | **I** | There are more than 8 people in my family |  |
| **E** | 5 | $2,294.79 | | Add $331.25 for each additional person. | |

Number: ⟨—⟩   Total Income: ⟨—⟩

If you checked a box in step **❼** A through I, complete steps **❾** through **⑮**. Then skip to step **㉑**.

**❽** My income is not enough to pay for the common necessities of life for me and the people in my family, and also pay the filing fee.   ☐ Yes   ☒ No

If yes, fill in steps **❾** through **㉔**.

3

## Monthly Income and Expenses

| 9 | My gross monthly pay is: $ | ⊝ | 10 | My income changes each month: | ⊞ Yes ☒ No |

| 11 | Number of persons living in my home: ⊝ | 12 Other money I get each month |

| | Name | Age | Relationship | Monthly Income | | Source: | |
|---|---|---|---|---|---|---|---|
| A | | | | $ | A | | $ |
| B | | | | $ | B | | $ |
| C | | | | $ | C | | $ |
| D | | | | $ | D | | $ |
| E | | | | $ | E | | $ |
| F | | | | $ | F | | $ |

| 15 | My total gross monthly household income: | $ | 13 Total other money: | $ |
| 16 | My payroll deductions are: | | 14 My monthly income: | $ |

| A | | $ | E | | $ |
|---|---|---|---|---|---|
| B | | $ | F | | $ |
| C | | $ | G | | $ |
| D | | $ | H | | $ |
| | | | 17 My total payroll deduction amount is: | $ |

| 18 | My monthly take home pay is | $ | ⊝ | 19 My net monthly income: | $ |

| 20 | I own or have interest in the following property: Nothing |

| A | Cash | $ | | C | Cars, other vehicles, and boats (List make and year) | | |
|---|---|---|---|---|---|---|---|
| B | Checking and savings (List banks): | | | | Property | Value | Loan Balance |
| | 1) | $ | | 1) | | $ | $ |
| | 2) | $ | | 2) | | $ | $ |
| | 3) | $ | | 3) | | $ | $ |
| | 4) | $ | D | Real estate (List addresses) | | | |
| | | | | 1) | | $ | $ |
| | | | | 2) | | $ | $ |

| 21 | My monthly expenses are: ⊝ |

| A | Rent or house payment | $ | J | Installment payments (specify) | | |
|---|---|---|---|---|---|---|
| B | Food and household supplies | $ | | 1) | | $ |
| C | Utilities and telephone | $ | | 2) | | $ |
| D | Clothing | $ | | 3) | | $ |
| E | Laundry and cleaning | $ | | Total installment payments: | | $ |
| F | Medical and dental | $ | K | Wage assignment or withholdings | | $ |
| G | Insurance | $ | L | Spousal or child support | | $ |
| H | School, child care | $ | M | Other: | | |
| I | Transportation and auto expenses | $ | | 1) | | $ |
| | | | | 2) | | $ |
| | | | | Total other expenses: | | $ |

| 22 | | Total monthly expenses: | $ ⊝ |

| 23 | I have attached other information that supports this application on a separate sheet. | ☒ Yes ⊡ No |

### Signature Section

| 24 | I declare under penalty of perjury under the laws of the state of California that the information on this form and all the attachments is true and correct. |

Kevin R. Schrulb, Sr.
_Signature of Claimant_

September 6, 2007
_Date_

VCGCB-GC-0010 8/04

Attachment to Children's Books Claim


Facts Relating to Claim


Prior to Nov. 2006, I provided an ex-girlfriend with funds to order some children's books for my toddler son in Virginia; the books were to be delivered directly to my son by the vendor. One of the books was delivered to me by R&R on Nov. 21, 06. When the R&R officer showed me the hardcover children's book, I advised him that I wanted the book mailed out. Because I had no funds in my trust account to pay to have the booked shipped via United Parcel Service (UPS was the contracted parcel company at PBSP at that time. Now its FedEx worldwide), I requested to have the book delivered to the mailroom so that I could utilize postage stamps or postage strips to have it mailed out, via the United States Postal Service, but this request was denied by C/O Spalding. See Exhibit 1.

In response, I wrote C/O Spalding to advise him that I was not able to raise the funds for shipping via UPS, that I was indigent, and requested that he advise me of the rules supporting his position, wherein he duly responded. See Exhibit 2.

Due to the discriminatory nature of 15 CCR Sec. 3191 (b) and (c), which prohibits indigent prisoners from mailing property home, and PBSP Operational Procedure No. 806, which prohibits prisoners from utilizing the

CB1

5

USPS to mail property home, which is approved in the Title 15 ($3191 (c) and (d)), I filed a 602 appeal. Exhibit 3.

In the meantime another children's book arrived and I repeated the process cited above, with an informal attempt, exhibit 4, and another 602, exhibit 5. The second 602, exhibit 5, was rejected, exhibit 6, because it addressed the same issue as the first 602, exhibit 3, to which exhibit 3's log number (03124) is referenced. See Exhibit 6.

While the matter was being appealed, I attempted to obtain information from R&R concerning the shipping process in preparation of a possible denial of my 602 appeal at the Director's level, Exhibit 7, as I wanted to seek alternative avenues of redress, including an injunction and/or civil action.

After receipt of the Director's level denial of my appeal, I wrote R&R advising them that I wished for them to retain the books in order that I may appeal the Director's decision to the courts, exhibit 8, to which I received no response.

Upon the completion of an injunction and order to the federal court, I sought confirmation from R&R that they were still in possession of the books. Exhibit 9. In response to this correspondence I was sent copies of two "Notice of Property Disposal" forms for the books, indicating that they were disposed of and the dates of their disposal Exhibit 10.

By the dates indicated on the notices, it is clear that the books were destroyed prior to the conclusion of the appeals

CBZ

6

process. The first book was destroyed on Mar. 19, 2007 and the second one was destroyed on April 23, 07; in referring to the "Director's Level Appeal Decision" contained in exhibit 3, you will note that that decision was reached on April 26, 2007.

Additionally, Disposal form log #10705-mo indicates that "There has been no appeal on this property.", and Disposal form log 0190-Book does not indicate whether an appeal was taken, See Exhibit 10. Those indications are false, as S. Bradley indicated in exhibit 3, 602 form section E, that he interviewed me on 12.15.06, three months before the first book's destruction. Mr. Bradley is the Sergeant of R&R, which proves that R&R was well aware that appeals had been properly lodged in both matters.

Claims to be Presented

Should this matter become unresolvable, I will file a Section 1983 civil action presenting the following claims:

Denial of my right under the Equal Protection Clause of the United States Constitution for refusing to allow me equal access to mailing property home;

and (2) Denial of access to the U.S.P.S., 15 CCR Section 3191 (c)(1), for mailing personal property home, by PBSP staff, who favor FedEx Worldwide due to contractual ties whereby the institution receives kickbacks;

CR3

7

Pendent jurisdiction for the negligent and intentional destruction of the books in violation of state law, prior to the completion of the 602 appeals process that was instituted to resolve the issue;

Denial of a hearing under the Fourteenth Amendment's Due Process Clause prior to the destruction of the property;

An injunction enjoining the CDCR from enforcing 15CCR Section 3191 (C) and (B), as they relate to indigent prisoner's equal access to mailing services for personal property equal to non-indigent prisoners; and

An injunction enjoining PBSP from enforcing Operational Procedure No. 806, as it relates to a prisoner's access to the services of the USPS. to mail property home, as it is superceded by and contrary to 15CCR Section 3191 (C) (1) and (B), and as such is overridden thereby.

Prayer For Relief

I seek compensation in the amount of $31.90, which is the cost of both books, and $9.90, which is the cost paid for shipping and handling for both books, for a total amount of $41.86. This full amount is requested to be placed into my commissary account, or in the alternative, utilized to purchase two African American oriented children's books for my son from ~~Ebony~~ Magazine

CB4

8

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, Kevin R. Schrubb, Sr. , declare:

I am over 18 years of age and a party to this action. I am a resident of Pelican
Bay State Prison,

in the county of Del Norte ,

State of California. My prison address is: Post Office Box 7500,
Crescent City, Calif. 95531

On September 28, 2007 ,
(DATE)

I served the attached: Government Claims Form w/Attachments;
3 copies
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope,
with postage thereon fully paid, in the United States Mail in a deposit box so provided at the
above-named correctional institution in which I am presently confined. The envelope was
addressed as follows:

California Victim Compensation & Government Claims
Bd., P.O. Box 3035, Sacr, Ca. 95812-3035

I declare under penalty of perjury under the laws of the United States of America that the
forgoing is true and correct.

Executed on Sept. 18, 2007          Kevin R. Schrubb, Sr.
                (DATE)                  (DECLARANT'S SIGNATURE)

Exhibit 32



STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 6ᵗʰ Floor ♦ Sacramento, California 95811
Mailing Address: P O Box 3035 ♦ Sacramento, California 95812
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson
JOHN CHIANG
State Controller
Board Member
MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member
KAREN McGAGIN
Executive Officer

Kevin Schrubb Sr V55952
P O Box 7500
Cresent City, CA 95531

November 09, 2007

RE: Claim G570528 for Kevin Schrubb Sr, V55952

Dear Kevin Schrubb Sr,

The Victim Compensation and Government Claims Board received your application to present a late claim on October 01, 2007.

VCGCB staff has referred your late claim application to the affected State agencies for review and recommendation. Once these agencies complete their recommendations, we will notify you of the recommendation we present to the VCGCB and the date of the meeting.

If you have questions about this matter, please feel free to contact your claim technician or analyst at (800) 955-0045. Please remember to reference your claim number G570528 when calling.

Sincerely,

Government Claims Program
Victim Compensation and Government Claims Board

cc: D-8 Attorney Generals Office, Attn: Tort Claims Coordinator

Ltr 109 Department Late/Claim Recommendation Request

Exhibit 33



Victim Compensation & Government Claims Board

STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95811
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95812
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson
JOHN CHIANG
State Controller
Board Member
MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member
KAREN McGAGIN
Executive Officer

Kevin Schrubb Sr V55952
P O Box 7500
Cresent City, CA 95531

November 30, 2007

RE: Claim G570528 for Kevin Schrubb Sr, V55952

Dear Kevin Schrubb Sr,

Staff of the Victim Compensation and Government Claims Board (VCGCB) has completed its review of the application for leave to present a late claim which you submitted and the response provided by the involved State agency. Based on this review, the staff is recommending to the Board that the late claim application be denied for failure to meet the criteria of Government Code Section 911.6.

For your information, Government Code Section 911.6 provides that the Board may grant an application where one or more of the following applies:

(1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the State was not prejudiced in its defense of the claim by the failure to present the claim within six months of the cause of action.

(2) The person who sustained the alleged injury, damage or loss was a minor during the entire six month period.

(3) The person who sustained the alleged injury, damage or loss was physically or mentally incapaciated during the entire six month filing period and the disability was the reason for the late filing.

(4) The person who sustained the alleged injury, damage or loss died within the six month claim filing period.

The Board's policy in resolving the late claim applications such as yours is to accept the staff recommendation without hearing claimant appeals. Your late claim application will be acted upon by the Board at its meeting on January 17, 2008. Following this meeting, you will be sent a notice which confirms the Board's action.

Your next recourse, should you wish to pursue the matter further, will be to file a petition in court for relief from the requirements of Government Code Section 945.4. You will have six months from the date of the denial to file a petition.

If you have questions about this letter, please mention letter reference 110 and G570528 when you call or write your claim technician or analyst at (800) 955-0045:

Sincerely,

Government Claims Program
Victim Compensation and Government Claims Board

cc: D-8 Attorney Generals Office, Attn: Tort Claims Coordinator

Ltr 110 Late App Denial

Exhibit 34



Victim Compensation & Government Claims Board

STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95811
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95812
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson
JOHN CHIANG
State Controller
Board Member
MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member
KAREN McBAGIN
Executive Officer

Kevin Schrubb Sr V55952
P O Box 7500
Cresent City, CA  95531

January 25, 2008

RE:   Claim G570528 for Kevin Schrubb Sr, V55952

Dear Kevin Schrubb Sr,

The Victim Compensation and Government Claims Board (VCGCB), at its hearing on January 17, 2008, denied your application to present a late claim.

If you have questions about this matter, please mention letter reference 124 and claim number G570528 when you call or write your claim technician or analyst at (800) 955-0045.

Sincerely,

Laura Alarcòn,  Program Manager
Government Claims Program
Victim Compensation and Government Claims Board

cc:   D-8 Attorney Generals Office, Attn: Tort Claims Coordinator

Warning

"If you wish to file a court action on this matter, you must first petition the appropriate court for an order relieving you from the provisions of Government Code 945.4. (Claim presentation requirement). See Government Code Section 946.6. Such Petition must be filed with the court within six (6) months from the date your application for leave to present a late claim was denied." You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

*  *  *  *  *  *  *  *  *

It is not necessary or proper to include the Victims Compensation and Government Claims Board (Board) in your court action unless the Board was identified as a defendant in your original claim. Please consult Government Code section 955.4 regarding proper service of the summons.

Ltr 124 Board Late Claim Denial

Exhibit 35

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
Pelican Bay State Prison
5905 Lake Earl Drive
P.O. Box 7000
Crescent City, CA 95532



March 28, 2007

K. SCHRUBB
V55932
C1-217L
Pelican Bay State Prison and Rehabilitation

G560985: $11.48



An investigation into the claim, which you have filed and which was received by the Department
of Corrections and Rehabilitation, has been completed.

Pelican Bay State Prison (PBSP) is denying the Claim number G560985. The decision to deny
the claim was based on the verification of the following information the appeal has been denied
due to time constraints not being met.

The findings in this investigation were also based on verification of the information submitted
and obtained for this investigation. Namely the acknowledgement of Pelican Bay State Prison's
Property and storage /confiscation policy signed by you on 8/17/2005 concerning the mentioned
items that you were requesting to mail out. This document also verified that there were no funds
available for that purpose.

**WARNING:** Subject to certain exceptions, you have only six months from the date this notice
was personally delivered or deposited in the mail to file a court action on this claim. See
Government Code, Section 945.6. You may seek the advice of an attorney of your choice in
connection with this matter. If you desire to consult an attorney, you should do so immediately.

DONNA LARSON
Accountant I, Supervisor

cc: HASS-BOC Coordinator

3-28-08

Exhibit 36



3191. Property Registration and Disposition.

(a) Registerable personal property must be registered under the inmate's name and number in the Institution's Inmate property records.

(b) Inmates are required upon receipt by Institution staff to properly account for all registerable personal property registered in their name and number. An inmate's failure to possess or properly account for personal property registered in the inmate's name and number, or possession of property which is not registered in the inmate's name and number will be cause for disciplinary action, including confiscation of the unregistered property. In all instances of confiscation, every reasonable effort will be made to determine the rightful owner of the property. The property will be returned to its rightful owner unless, as the result of disciplinary action for misuse of property, the inmate's approval to possess the property is rescinded.

(c) Inmate personal property not meeting the criteria in section 3190, shall be disposed of in accordance with this section. An inmate shall select one of the methods listed below for disposing of personal property which is unauthorized pursuant to subsection (b) and sections 3006 and 3190. If the inmate makes no election or has insufficient funds, staff shall document this fact and determine the method of disposition.

(1) Mail the item to an address of an individual willing to accept the personal property, provided by the inmate, via USPS or common carrier at the inmate's expense. This option is not available for inmates with insufficient trust account funds.

(2) Return the item to the sender via USPS or common carrier at the inmate's expense. This option is not available for inmates with insufficient trust account funds.

(3) Donate the item to a charitable organization, as designated by the institution/facility.

(4) Donate the item to the institution/facility.

(5) Render the item useless and dispose of it according to institution/facility procedures.

(d) Inmates shall not send personal property to any state agency or agent of the state. Failure to comply may result in disciplinary action, and confiscation and/or disposal of the property.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code.

HISTORY:
1. Amendment filed 9-20-77; effective thirtieth day thereafter (Register 77, No. 40).
2. Amendment filed 3-03-78; effective thirtieth day thereafter (Register 78, No. 35).
3. New subsection (c) and Note filed 6-30-92, operative 7-30-92 (Register 92, No. 26).
4. Amendment of section and Note filed 5-27-2004 as an emergency; operative 5-27-2004 (Register 2004, No. 22). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 11-3-2004 or emergency language will be repealed by operation of law on the following day

Proof of Service by Mail

I declare that:

I am a resident of <u>Kern Valley State Prison</u> in the county of <u>Kern</u>,

California. I am over the age of 18 years. My residence address is:

<u>P. O. Box 5104, Delano, California 93216</u>

On <u>5·29·08</u>, I served the attached <u>1983 Complaint</u> on the

<u>Court/Defendants</u> in said case by placing a true copy thereof enclosed in a sealed

envelope with postage thereon fully paid, in the United States mail at <u>Delano, California</u>.

addressed as follows:

<u>Clerk of the U.S. District Court, Eastern District of</u>

<u>California, 501 I Street, Room 4-400, Sacramento Ca. 95814</u>.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct, and that this declaration was executed on <u>5·27·08</u> [date],

at <u>Delano</u>, California.

<u>Kevin R. Schwubb, Sr.</u>
[Type or Print Name]

<u>Kevin R. Schwubb, I</u>
[Signature]

A true and accurate copy was mailed to Defendant
Tilton at 1515 S Street, Sacramento, Calif. 95814