IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN R. SCHRUBB, SR.,

    Plaintiff,

  v.

JAMES TILTON, et al,

    Defendants.

No. C 08-2986 TEH (PR)

ORDER OF SERVICE

(Docket No. 2)

    Plaintiff, a prisoner of the State of California, currently incarcerated at Kern Valley State Prison in Delano, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging deprivation of his property while at Pelican Bay State Prison. Plaintiff has also filed a motion to proceed in forma pauperis, which is GRANTED in a separate order filed simultaneously. (Docket no. 2).

## DISCUSSION

**A.   Standard of Review**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id., § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v.

Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff contends that he was deprived of several items of person property he ordered from an approved vendor, including a cap, a pair of shorts and two books that were inadvertently sent to him instead of his son, the intended recipient.  Plaintiff contends that when the prison enforced a policy that requires inmates to pay for shipping of items pursuant to 15 C.C.R. § 3191 and disposed of these items when Plaintiff did not possess sufficient personal funds in his prison account to send them back to the vendor or to his son, they violated his right to equal protection and due process of law under the  Constitutions of the United States and the State of California.  If the deprivation is not random and unauthorized, but the result of "established state procedure," the availability of a post-termination tort action does not necessarily provide due process.  See Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-37 (1982) (failure on part of state commission to hold hearing within statutory time limits not permitted to terminate timely filed claim).  Where the state has procedures designed to control the actions of state officials and the officials act pursuant to those procedures, the Fourteenth Amendment requires "'an opportunity . . . granted at a meaningful time and in a meaningful manner,'. . . for a hearing appropriate to the nature of the case.'"  Id. at 437.  See also Zimmerman v. City of Oakland, 255 F.3d 734, 738 (9th Cir. 2001); Armendariz v. Penman, 31 F.3d 860, 866 (9th Cir. 1994), aff'd in part on relevant grounds and vacated in part on other grounds on reh'g en banc, 75 F.3d 1311 (9th Cir. 1996) (en banc).  Therefore, Plaintiff's claims will be served.

Defendants Grannis, Wilber and Bradbury are dismissed from this action, as

Plaintiff fails to assert any allegations against them other than, presumably, their denial of his inmate appeals. California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal. A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same). Given the absence of any allegations against them other than the denial of his administrative appeals, these named Defendants are DISMISSED from this action.

### C.  Plaintiff's Responsibility to Effectuate Service

The Court shall direct the United States Marshal to serve copies of the complaint on the remaining named Defendants. Although incarcerated plaintiffs proceeding in forma pauperis may rely on service by the United States Marshal, "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the Marshal is unable to effectuate service through no fault of his own, for example, because Plaintiff failed to provide sufficient information or because Defendant is not where Plaintiff claims, and Plaintiff is informed, Plaintiff must seek to remedy the situation or face dismissal regarding that Defendant pursuant to Federal Rule of Civil Procedure 4(m). See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir.1990)), overruled on other grounds, Sandin v. Connor, 515 U.S. 472 (1995). Rule 4(m) provides as follows:

> If a defendant is not served within 120 days after the

       complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff has identified the following Defendants as available for service at Pelican Bay State Prison: **Robert Horel, Warden; M. D. Yox, Associate Warden; C. E. Ducart, Correctional Officer and A. Spalding, Correctional Officer**. **James Tilton, Secretary of the California Department of Corrections and Rehabilitation** is located in Sacramento, California.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. All claims against Defendants Grannis, Wilber and Bradbury are DISMISSED and these Defendants are TERMINATED from this action.

3. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the remaining Defendants: **Robert Horel, Warden; M. D. Yox, Associate Warden; C. E. Ducart, Correctional Officer and A. Spalding, Correctional Officer at Pelican Bay State Prison, as well as James Tilton, Secretary, at the California Department of Corrections and Rehabilitation in Sacramento, California.** The Clerk shall also <u>mail courtesy copies</u> of the complaint and this order to the California Attorney General's Office and a copy of this order on Plaintiff.

4. No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims found to be cognizable above.

    a. If Defendants elect to file a motion to dismiss on the grounds

Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir.), cert. denied, 540 U.S. 810 (2003).

    b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

5.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

    a.    In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b.    In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999).  See Wyatt, 315 F.3d at 1120 n.14.

plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand, 154 F.3d at 963.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to granting the motion, and granting of judgment against Plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.) (per curiam), cert. denied, 516 U.S. 838 (1995); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by

1  mailing a true copy of the document to Defendants or Defendants' counsel.
2  9. Discovery may be taken in accordance with the Federal Rules of Civil
3  Procedure. No further court order under Federal Rule of Civil Procedure
4  30(a)(2) or Local Rule 16-1 is required before the parties may conduct
5  discovery.
6  10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep
7  the Court and all parties informed of any change of address by filing a
8  separate document titled "Notice of Change of Address" and must comply
9  with the Court's orders in a timely fashion. Failure to do so may result in the
10  dismissal of this action under Federal Rule of Civil Procedure 41(b).
11  11. Extensions of time must be filed no later than the deadline sought to be
12  extended and must be accompanied by a showing of good cause.
13  SO ORDERED.
14  DATED:  01/15/09
15  THELTON E. HENDERSON
   United States District Judge