IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN R. SCHRUBB, | No. C-08-2986 TEH (PR) |
|     Plaintiff, | ORDER FOR BRIEFING AFTER REMAND |
|     v. | (Doc. #50) |
| JAMES TILTON, SECRETARY, et. al., | |
|     Defendants. | |

Plaintiff filed this civil rights complaint under 42 U.S.C. § 1983 asserting several claims. On March 29, 2010, the Court issued an Order Granting Defendants' Motion to Dismiss and for Summary Judgment. Doc. #42. On the same day, the Court entered judgment in favor of Defendants. Doc. #43. Plaintiff appealed and, on May 10, 2013, the Ninth Circuit issued an Order affirming the judgment except for one claim which was reversed and remanded. Doc. #50.

I

The Ninth Circuit held that Plaintiff had filed two grievances with respect to his cap and shorts--(1) a grievance regarding the prison's mail out policy as applied to the cap and shorts, and (2) a grievance regarding the destruction of the cap and shorts--and that it was an abuse of discretion for this Court to treat these grievances as one when analyzing whether Plaintiff had

exhausted the property destruction grievance. The Ninth Circuit noted that there was no evidence that Plaintiff had received Defendants' notice that they had destroyed Plaintiff's cap and shorts. Therefore, the Ninth Circuit remanded for this Court to determine whether the property destruction grievance was exhausted or subject to improper screening.

## II

To expedite the resolution of the remaining claim, the Court issues the following briefing schedule:

1. Within twenty-eight (28) days from the date of this Order, Defendants shall file a motion to dismiss or for summary judgment on the claim of the destruction of Plaintiff's cap and shorts. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this claim cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date their motion is due. All papers filed with the Court shall be served promptly on Plaintiff. Defendants shall include the appropriate notices to Plaintiff under Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (motion for summary judgment) and Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (motion to dismiss).

2. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served upon Defendants no later than

2

twenty-eight (28) days after Defendants serve Plaintiff with the motion.

Plaintiff is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the Defendants in their motion to dismiss. See id.

Plaintiff is also advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is

3

granted, your case will be dismissed and there will be no trial. See Rand, 154 F.3d at 962-63.

     3.    Defendants may file a reply brief within fifteen (15) days of the date on which Plaintiff serves them with the opposition.

     4.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

     5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order is required before the parties may conduct discovery.

     6.    All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

     7.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED   *05/15/2013*        /s/ Thelton E. Henderson
                                          THELTON E. HENDERSON
                                          United States District Judge

`G:\PRO-SE\TEH\CR.08\Schrubb-08-2986-Brfg After Rem.wpd`